CATHERINE FROEHLICH, Respondent, v. ATLAS LIFE INSURANCE COMPANY, Appellant.

1. *Forfeitures not favored.*—Forfeitures, if legally established, must be enforced, but are not favored.
2. *Insurance companies—Premium notes, forfeiture of for non-payment waived by subsequent receipt of money.*—The forfeiture of an insurance policy for non-payment of the premium note will be waived by subsequent receipt, without objections, of the money by the company.

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish*, for respondent.

*T. Polk*, for appellant.

BLISS, Judge, delivered the opinion of the court.

This is a suit upon a life insurance policy issued in favor of plaintiff upon the life of her husband. The petition describes the contract very briefly, alleges the death of the assured, that all premiums were paid up to his death, that due notice and proof of death were given with demand, etc., and that plaintiff and deceased had fulfilled all the conditions of the policy. Defendant admitted the contract, the notice and proof of death, but denied that the premiums were paid and the conditions, etc., fulfilled. Specifically the answer set out that at the time of issuing the policy it was agreed that the premiums should be paid quarterly, and for the annual premium of $93.60 deceased paid one-fourth down, and for the balance gave his three promissory notes at three, six and nine months, and that the last note fell due before his death, which he failed to pay. The answer further sets out one of the conditions of the policy not contained in the

petition, to-wit: that it was not to take effect until the first premium was actually paid, and alleges that on the 19th of August, the note having fallen due on the 15th, the deceased having died or being mortally sick, between three and four o'clock P. M., the plaintiff, fraudulently representing that he was living and well, induced the defendant, trusting to such false representations, to receive the amount due on said note. The reply did not deny this condition of the policy, but denied the fraud, alleging that the note was paid on the 19th before the death of Froelich.

The case was submitted to the jury under instructions satisfactory to defendant's counsel, and a verdict was given for the plaintiff. Upon motion for new trial the judge who tried the cause gave as a reason for overruling it, and his remarks are embodied in the bill of exceptions, that his instructions upon the breach of the condition in not paying the note were too favorable to defendant; that he now believed that the recital in the policy that the first year's premium of $93.60 was paid was conclusive upon the company and could not be contradicted, and hence the alleged fraud was immaterial; although, under the instructions as given upon this point, he thought the verdict was contrary to the evidence. The defendant now objects to the consideration of this recital in the policy upon two grounds: first, the policy was not submitted in evidence, was not in the record, and the court could not consider it further than as set out in the pleadings; and, second, the recital was not conclusive.

The objection upon the first ground is well taken. The policy is not in the record, and the pleadings fail to set out any receipt in full of the first year's premium. The pleadings were drawn, the evidence was offered, and the case was submitted to and passed upon by the jury upon the theory that the condition admitted by the pleadings had been performed by the plaintiff and her husband. The court had no right to go out of the record and inspect the policy to see whether it did not contain some other provision upon which a recovery might have been had without reference to the condition. That matter was *coram non judice*, and the same reason that made it improper for the Circuit Court to consider the question should prevent us from doing so.

It is an important question — one that has not been specifically considered by this court — and I do not feel at liberty to venture an opinion until a case arises that shall demand its investigation. I should, however, remark that the case of Sims v. State Ins. Co. of Hannibal, *ante*, p. 54, and cited by defendant's counsel, is no authority upon that question, for the reason that it was not raised or considered. The issue there was very much like the one in this case. The court only held that the arrangement to receive the money after it was due waived the forfeiture and preserved the policy; and what we might have held if the pleadings had placed the plaintiff's right to recover, so far as the payment of the premium was concerned, upon the language of the policy acknowledging its receipt, does not appear.

But how do we know that the court placed its refusal to give a new trial upon the grounds suggested in the remarks of the judge? Those remarks are no part of the record, no more so than the policy, and if we are to be confined strictly to it we shall find that all the premium had been paid except the last note, that it fell due on Thursday, the 15th, that the insured died about noon on Monday, the 19th, of cholera, and that the last note was paid on that day. Upon the charge that defendant's officers were induced to receive the amount by the fraudulent representations of the plaintiff, there was conflicting testimony; the jury believing that offered by the plaintiff, and the court, according to remarks of the judge outside the record, believing the witnesses of defendant. But the record only shows that a motion for a new trial was made and overruled, and it does not show any errors of law, at least as against the defendant, nor do we see any equities in the defense that should induce us to give it any privileges. Defendant issued a life policy to the plaintiff upon the life of her husband, and as an inducement to take it gave time upon part of the premium, and now, for want of its prompt payment, seeks to enforce a forfeiture of the policy. Forfeitures are not to be favored. If legally established we must enforce them, but it would be wrong to depart from the ordinary mode of administering the law to facilitate them. The record shows that the question of forfeiture, or rather its waiver by the

subsequent receipt of the money, was fairly submitted to the jury and found against the defendant, and with that finding its officers should be satisfied.

The other judges concurring, the judgment will be affirmed.