MARY E. ERWIN, Respondent, v. THE SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 10, 1887.

24 145
36 543
37 550

24 145
45 55

24 145
58 102

24 145
113m613

24 145
58 231
60 676

24 145
62 529

24 145
65 50
65 636

24 145
89 111

1. INSURANCE—CONDITIONS IN POLICIES—CONSTRUCTION OF—CASE ADJUDGED.—The condition in insurance policies requiring that a "particular account of the loss to be rendered," depends on the facts and circumstances of each particular case. If it is reasonably specific it is enough. That requiring the statement as to "other insurance," if any, and the "giving of the written portions of the policy," does not require the statement *affirmatively* that there was no other insurance, for such would be the presumption, so far as concerns the sufficiency of the proof, on its face. That requiring "a certificate from a magistrate or notary public that he has examined," etc., need not state *upon its face* that the magistrate is not of kin, nor interested, etc., but such must be the fact. Those requiring that the "*ownership* of the property" should be stated and his "*interest* therein," and the "*time* of the fire," are reasonable, and should be specifically complied with, *unless waived* by the insurer. That requiring the "actual cash value of the property" to be given, depends much on the facts of each particular case.

2. ——— PROOF OF LOSS—SUFFICIENCY OF—WAIVER—CASE ADJUDGED.—Where the proof of loss is, of itself, sufficiently specific, and so far substantially covering the conditions of the policy as to make it proper evidence to be submitted to the jury, it is enough. It cannot reasonably be expected that a proof of loss shall be as accurate and precise in matters of form as a legal pleading. The insurer has a right to demand, as a pre-requisite to his liability, definite, unequivocal information, together with a compliance with conditions designed to protect him from fraud and imposition; but to nothing more. The condition as to the *time* of presenting the proof of loss may be *waived*. The phrase that, notice of it shall be given "forthwith," and a "particular account of said loss" shall be rendered "as soon thereafter as possible," does not mean instantly or directly, but within a reasonable time, or as soon as practicable; and what is a "reasonable time" depends largely upon the circumstances and surroundings of each particular case.

3. PRACTICE—ERROR. WHEN GROUND FOR REVERSAL.—The statute

VOL xxiv—10

(sect. 3775, Rev. Stat.) provides that the judgment of any court shall not be reversed, unless error was committed, materially affecting the merits of the action. There was no such error committed here.

APPEAL from Saline Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

The case is stated in the opinion.

DAVIS & WINGFIELD, for the appellant.

I.　The court erred in admitting in evidence the paper called "a proof of loss," because said paper does not comply with any of the requirements of the policy sued on. And, as is shown by the pleadings, it was abandoned by the plaintiff. It does not contain a *particular* account of the *loss* sustained, or of the *property* destroyed, such as is required by the *terms of the policy*, and is, therefore, insufficient. *Welcome v. Ins. Co.*, 2 Gray (Mass.) 480 ; *Beatty v. Ins. Co.*, 66 Pa. St. 9. It also fails to show that it was properly sworn to, or that it was sworn to before the magistrate nearest the fire.

II.　The court erred in admitting in evidence the paper called the *second* "proof of loss," for the reason that said proof of loss was not furnished to defendant within the time required by the terms of the policy, nor within a reasonable time after the fire, as is shown by the evidence.

III.　The court erred in giving the instruction for plaintiff which is based upon the theory that there was evidence tending to prove that defendant *waived* its right to object to the time within which proofs of loss were furnished by plaintiff, when in fact there *was no such evidence.* No proof of loss was furnished within said time, or within any reasonable time after the fire. The fact that defendant, in making objections to the *last* alleged proof of loss did not *state* that it was out of time, could not be held to be a *waiver* of time, be-

cause *waiver* is in the nature of estoppel; and there is no evidence tending to show that, by reason of any act of defendant, plaintiff was induced to or failed to do anything in relation to her claim. *Underwood v. Ins. Co.*, 57 N. Y. 500; Wood on Fire Insurance, 702 *et seq.*; *Blossom v. Ins. Co.*, 64 N. Y. 162.

IV. Under all the evidence in the case the verdict should have been for the defendant.

S. B. BURKS and BOYD & SEBREE, for the respondent.

I. The *first* proof of loss was properly admitted in evidence. It was the best *statement* that could be made under the circumstances. The bills and books of plaintiff were destroyed by the fire, and it was *impossible* to give full and accurate statements of the property, etc., without them. The proof of loss is a *substantial* compliance with the requirements of the policy, and this is sufficient. Wood on Insurance, 709; *Willis v. Ins. Co.*, 79 N. C. 285. The proof of loss is made for the purpose of arriving at an adjustment. *Phillips v. Ins. Co.*, 14 Mo. 220.

II. The *second* proof of loss was properly admitted in evidence. It was *demanded* by the defendant. The objections made to the first proof were invalid and unreasonable, but in order to satisfy defendant, and get the matter adjusted, the plaintiff made the *second* proof of loss. This last proof complied with the terms of the policy, except as to *the time* at which it was made. Defendant did not object to it because *it was too late*, but upon other unreasonable grounds; and the right to object that it was not made *in time* was *waived*. *Palmer v. Ins. Co.*, 44 Wis. 201; *Ins. Co. v. O'Connor*, 29 Mich. 241; *Williams v. Ins. Co.*, 9 Cent. Law Jour. 190; *O'Connor v. Ins. Co.*, 31 Wis. 160; *Russell v. Ins. Co.*, 55 Mo. 586.

III. There was no error in the instruction complained of. That part of it relative to *time* would not affect the merits of the case. If the second proof of loss

was admissible it contains the law applicable to it. Taken in connection with the other instructions given by the court for both parties, the *law of the case* was presented to the jury fully and clearly.

IV. Defendant refused to pay the loss on the ground that there was something wrong about the fire. This was a *waiver* of all proof of loss. *McBride v. Ins. Co.*, 30 Wis. 562.

V. There was no error of the trial court affecting the merits of the action, and the judgment is manifestly for the right party. In such case this court will not reverse the judgment, and another trial could not work a different result. Sect. 3775, Rev. Stat.; *Hunter v. Miller*, 36 Mo. 143; *Orth v. Dorschlein*, 32 Mo. 366.

ELLISON, J.—This is an action on a policy of insurance covering a stock of millinery goods and some fixtures necessary to said stock. The plaintiff prevailed below and defendant appeals.

The policy contained, among other conditions, the following:

"Persons sustaining loss or damage by fire shall forthwith give notice of said loss, in writing, to the company, and, as soon thereafter as possible, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property and their interests therein, for what purpose and by whom the building insured, or containing the property insured, and the several parts thereof, were used at the time of the loss, when and how the fire originated ; and shall also produce a certificate under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of

the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured, to the amount which such magistrate or notary public shall certify."

The fire occurred on July 10, 1883, and plaintiff, on July 23, 1883, sent to the defendant a proof of loss, purporting to render a particular account of such loss, as required by the conditions above set out. This proof was offered in evidence and was admitted over the following objections of defendant:

1. Because said paper does not specify the policy under which the claim is made.

2. It does not contain a copy of the written part of the policy under which the claim is made.

3. It does not state the items nor give as particular an account of the loss as the nature of the case will admit, or as the company has the right to require under the terms and conditions of the policy read in evidence.

4. It does not state to whom the specific property belonged at the time of the fire, nor the interest of the insured therein.

5. It does not state whether any, and if any, what other insurance had been made on the same property, nor give copies of written portion of all policies, if any, concerning the same property.

6. It does not specify the time of the fire by which the property insured was damaged or destroyed.

7. It does not give or state the actual cash value of each specific subject of insurance at the time of the fire, nor does it give or state the actual loss, or damage, for which the claim is made in the aggregate, under each specific subject of insurance, nor does it state the amount of loss or damage claimed from such company under each specific subject of insurance.

8. The certificate of the magistrate attached to said document is incomplete, in that it fails to state that he is or was the nearest magistrate to the place of the fire, and is not related to the assured nor interested in the claim.

The first and second of these objections were properly overruled, as the matter specified in such objections do not appear to be required by the conditions of the policy. Nor do they appear to enter into any statement of account of loss.

The third objection depends upon the facts and circumstances of each particular case. It may be the account rendered was as particular as possible under the circumstances surrounding plaintiff at the time. The fire may have left plaintiff without sufficient memoranda for a more specific statement. The fifth objection was not well taken. The proof does state there was other insurance in the Phœnix Company, of Hartford, Connecticut, and it does set out the written portion thereof. It was not necessary for the proof to proceed further and affirmatively state there was no other insurance than that named. After naming other insurance, as required by the policy, it need not state that was all, for such would be the presumption so far as concerns the sufficiency of the proof on its face.

As regards the eighth objection, while I am of the opinion that the magistrate or notary must not be of kin to the assured nor interested in the claim, yet it is not necessary to the legality or sufficiency of the proof, that this should appear upon its face.

The fourth and sixth objections were well taken and for the reasons therein stated the proof should have been rejected.

There is no statement in the first proof as to whom the property belonged, nor the interest of the assured therein ; nor does it state the time of the fire. The conditions of the policy requiring this are reasonable and should be specifically complied with, unless waived by the insurer. Wood on Fire Insurance, sects. 411, 415.

The seventh objection would, like the third, depend much on the facts of each particular case, and we cannot say that it was insufficient.

The second proof of loss was of itself sufficiently

specific, and so far substantially covered the conditions of the policy as to make it proper evidence to be submitted to the jury. It cannot reasonably be expected that a proof of loss shall be as accurate and precise in matters of form as a legal pleading. Every proper condition of the policy must, of course, be embodied in the account, and it must be as particular an account as the circumstances of the case will permit. But after all, it is definite, unequivocal information which the insurer asks, together with a compliance with conditions designed to protect him from fraud and imposition. These he has a right to demand as a pre-requisite to his liability, but to nothing more. Whether the statement of loss is made aptly or awkwardly, ought not to affect the liability. Unless, then, this second proof was not within the time limited in the policy, it was properly admitted. Taking the date of the fire, July 10, and the date of this proof, December 21, following, with nothing more, it is clear the proof was not presented within the time contemplated by the terms of the policy. This is practically admitted by plaintiff's counsel. The question, then, is, has there been a waiver in this case, as to time. It will be noticed that this condition of the policy is not for any specified time. It reads that plaintiff "shall forthwith give notice of said loss, in writing, to the company, and as *soon thereafter as possible* render a particular account of said loss, etc. 'As 'soon thereafter as possible' cannot mean instantly or directly, for it might be impossible to do the act instantly. Here the time is indefinite and unlimited and must mean that the particular account of the loss should be made as soon as it could be under the circumstances, or within a reasonable time, or as soon as practicable." *Palmer v. Ins. Co.*, 44 Wis. 201. If the time limited was a specified number of days, and these had elapsed by the inexcusable laches of the assured, it would defeat the policy, and it would seem upon principle that, in order to revive the policy, some new consid-

eration should move between the parties. As was said by Sharswood, J., in *Beatty v. Ins. Co.*, 66 Pa. St. 9, "To constitute a waiver, there should be shown some official act or declaration by the company, during the currency of the time, dispensing with it; something from which the assured might reasonably infer that the underwriters did not mean to insist upon it. * * * After the thirty days had expired without any statement, nothing but the express agreement of the company could renew or revivify the contract." The clear reason for this is, that within the time limited the company's conduct may be such as to lead the assured to believe no compliance as to time would be required or deemed material, and but for such conduct he would have rendered full compliance. But if the specified time has elapsed without the fault of the company, its subsequent acts, short of an express agreement, would seem to be of no effect, for they can work no possible harm to the assured, who has already lost his right. I refer to this distinction that we may be fully understood as to our views of this case. As before stated, the time limited in this policy is a reasonable time, and what is a reasonable time depends largely upon the circumstances and surroundings of each particular case. No one is better qualified to judge of what would be a reasonable time in the particular case than the parties concerned, and if the one to be charged directly, or by his conduct, shows that he does not deem the time expired and makes no statement or suggestion to that effect in his correspondence with the other, he should not be heard to do so at the trial. In this case the letters in evidence show that the defendant's agent first wrote plaintiff on August 1, making specific objections as to the first proof of loss, but none as to time. He next wrote her on August 14, still asserting the proof was not specific enough, but not making any complaint as to time; on the contrary promising prompt attention to the claim whenever his letter of first of August was complied with. He next ad-

dresses plaintiff on October 23, makes no reference to time, but says he cannot take further steps in the matter so long as she declines to furnish proof as required in his letter of August 1. And finally he writes her January 5, 1884, in response to her sending the second proof of loss, dated December 21, in which he states objections as to the character of the proof not being up to the requirements of the policy, but makes no objection as to time. These letters, when considered together, show, without any reasonable doubt, that defendant did not consider plaintiff's proof insufficient in point of time. We may well go further and say that they show "during the currency" of a reasonable time, that defendant did not intend to stand on that point, or demand a fulfillment of that condition. It is true plaintiff at one time refused to make further proof after her first was sent in, but defendant, nevertheless, continued to correspond with her until she did furnish further proof; and it is also true that defendant stated in some of his letters, enumerating specific objections to the proof, that no conditions of the policy were intended to be waived; yet the statement is contrary to the act. Defendant's actual waiver cannot be affected by his statement. He simply states he is not doing, that which he clearly is doing. *Phillips v. Ins. Co.*, 14 Mo. 220, 236.

We find no substantial objection to the action of the court on the question of instructions, and have only to consider whether the admission in evidence of the first proof of loss was such an error as will justify us in reversing the judgment and remanding the cause. The statute, section 3775, says we shall not reverse the judgment of any court unless we shall believe that error was committed materially affecting the merits of the action. The second proof being in all respects a sufficient compliance with the policy, we are not able to perceive any harm resulting to defendant by the admission of the first proof.

Defendant's case was forcibly presented at the argu-

ment, but the fact remains, that the matter in evidence shows a waiver of that which otherwise would have en‑ titled it to the judgment. Affirmed. All concur.