M. L. McCLUER, Appellant, v. HOME INSURANCE COMPANY OF NEW YORK, Respondent.

St. Louis Court of Appeals, May 8, 1888.

INSURANCE—WAIVER OF CONDITION.—A contract of insurance included a stipulation that the defendant company should not be liable for any loss or damage that might occur while any premium note remained past due and unpaid. After a loss, which occurred while the premium note remained past due and unpaid, the defendant's agents examined and adjusted the amount of the loss, notified the insured plaintiff thereof and received from him the amount due on the premium note, which was thereupon cancelled and returned to the maker. *Held:* The question whether there was a waiver by the insurer of the stipulated effect of the non-payment of the premium note should have been submitted to the jury, and the court erred in sustaining a demurrer to the evidence.

APPEAL from the Greene Circuit Court, HON. JAMES R. VAUGHAN, Judge.

*Reversed and remanded.*

GOODE & CRAVENS, for the appellant: There are two classes of cases in which the doctrine of waiver of forfeiture incurred by default in the payment of premiums has been considered : (1) Where the contract provides that upon default in the payment the whole of the premium shall be deemed due and earned. In these cases the acceptance by the company of a past-due premium after loss has occurred, does not waive the forfeiture; and this for the very obvious reason that it is taking no more than it is entitled to, because by express agreement the premium is all earned. (2) Where the contract does not contain this provision. In these cases the courts have invariably held the forfeiture waived by acceptance of the premium after loss. *Williams v. Ins. Co.,* 19 Mich. 451 ; *Joliffe v. Ins. Co.,* 39 Wis. 111. The

case at bar falls in the second class, but is a little stronger even than most of that class. For not only is there no provision that upon default in payment the whole premium shall be considered earned, but a clear provision that it shall not be. If an insurance company receives and retains payment of a past-due premium with knowledge that a loss has occurred, it is estopped to claim any forfeiture which may be provided for in the policy for a default, unless it also provides that in the event of such default the entire premium for the whole time the policy is to run, shall be considered earned. *Joliffe v. Ins. Co.*, 39 Wis. 111 ; *Smith v. Ins. Co.*, 13 N. W. Rep. 355 ; *Ins. Co. v. Lansing*, 20 N. W. Rep. 22 ; *Cohen v. Ins. Co.*, 3 S. W. Rep. 296 ; *Wing v. Harvey,* 22 Eng. Law and Eq. 140 ; *Berwick Co. v. Ins. Co.*, 52 Me. 336 ; *Bennicke v. Ins. Co.*, 15 Otto, 355 ; *Ins. Co. v. Robertson*, 59 Ill. 123 ; *Ins. Co. v. Maguire*, 51 Ill. 342 ; *Benton v. Ins. Co.*, 25 Conn. 542 ; *Goit v. Ins. Co.*, 25 Barb. 189 ; *Ins. Co. v. Berrien*, 40 Mich. 147 ; *Ins. Co. v. Geraldine*, 31 Mo. 30 ; *Sims v. Ins. Co.*, 47 Mo. 54 ; *Froelich v. Ins. Co.*, 47 Mo. 406 ; *Baldwin v. Ins. Co.*, 56 Mo. 151 ; *Schmidt v. Ins. Co.*, 2 Mo. App. 339. Defendant sent the plaintiff a notice after default, demanding payment, and said nothing about having declared a forfeiture, but rather intimated the reverse. Any provision for forfeiture, whether it be on account of nonpayment of premiums or some other cause, may be and will be waived by the acceptance of the premium after knowledge of the cause of forfeitures. *Combs v. Ins. Co.*, 43 Mo. 148 ; *Miner v. Ins. Co.*, 27 Wis. 693 ; *Franklin v. Ins. Co.*, 42 Mo. 456 ; *Keeler v. Ins. Co.*, 16 Wis. 523 ; *Ins. Co. v. Hall*, 12 Mich. 214 ; *Campbell v. Ins. Co.*, 27 N. H. 35 ; *Marshall v. Ins. Co.*, 27 N. H. 157 ; *Masters v. Ins. Co.*, 11 Barb. 624 ; *Phoenix v. Ins. Co.*, 120 U. S. 183 ; *Ins. Co. v. Woolf*, 95 U. S. 326 ; *Frost v. Ins. Co.*, 5 Denio, 154 ; *Hodson v. Ins. Co.*, 97 Mass. 144. The premium note was part of the contract. *Ins. Co. v. Story*, 41 Mich. 385. The acceptance of the premium; the retention of it; the adjustment of the loss;

sending the draft notifying plaintiff to call for his money, and all the circumstances of this case conclusively show that the defendant, instead of insisting on a forfeiture (which must be done to make it good), completely waived it. *Pechner v. Ins. Co.*, 65 N. Y. 195; *Reynolds v. Ins. Co.*, 47 N. Y. 559; *Blake v. Ins. Co.*, 12 Gray, 265; *Hall v. Ins. Co.*, 6 Gray, 185; *Ins. Co. v. Throop*, 22 Mich. 146; *Frost v. Ins. Co.*, 5 Denio, 155; *Keenan v. Ins. Co.*, 13 Ia. 375.

THRASHER, WHITE & McCAMMON, for the respondent : That the action of the court was proper is, we submit, amply sustained by the authorities. 1 Greenl. on Evid. [13 Ed.] secs. 275, 276; *Hotel v. Baily*, 3 Mo. App. 598; *Sewing Machine Co. v. Cushen*, 8 Mo. App. 528; *Conn v. McCullough*, 14 Mo. App. 584; *Ins. Co. v. Lansing*, 20 N. W. Rep. 22; *Ins. Co. v. Bowen*, 40 Mich. 147; *Ins. Co. v. Geraldin*, 31 Mo. 30; *Sims v. Ins. Co.*, 47 Mo. 54. The contract was entire. When the risk once commenced the whole premium was due. May on Ins. 302; Hines & Nichols' Ins. Dig. 460, 464; 2 Phillips on Ins. 503, 465, 467; *Hendricks v. Ins. Co.*, 8 Johnson, 1; *Ins. Co. v. Tucker*, 3 Cranch, 357; *Plath v. Ins. Ass'n*, 23 Am. Rep. 691; *Lee v. Ins. Co.*, 3 Gray, 583; *Garver, Adm'r, v. Ins. Co.*, 28 N. W. Rep. 555; *Taylor v. Lowell*, 3 Mass. 335; *Friesmith v. Ins. Co.*, 10 Cush. 589; *Kelley v. Ins. Co.*, 6 Atl. Rep. 740; *Ins. Co. v. Klink*, 65 Mo. 78. The receipt of premium by defendant did not constitute a waiver of any of the conditions of the policy. *Card v. Ins. Co.*, 4 Mo. App. 424; *Dawson v. Ins. Co.*, 1 Mo. App. 317; *Cook v. Ins. Co.*, 70 Mo. 610; *Rothschild v. Ins. Co.*, 62 Mo. 356; *Harle v. Ins. Co.*, 32 N. W. Rep. 396. The adjustment of defendant's loss, and sending draft to agents for plaintiff, constitutes no waiver of the conditions for a suspension of the policy after default in payment of premium note. *Garretson v. Ins. Co.*, 21 N. W. Rep. 781; *Colonius v. Ins. Co.*, 3 Mo. App. 56; *Ins. Co. v. Barnett*, 73 Mo. 364. The policy was suspended

during the default in payment of premium note, and revived on the payment. The defendant "has the benefit of the temporary suspension of the risk, without any rebate of premium." *Hinckley v. Ins. Co.*, 1 N. E. Rep. 737 ; *Holly v. Ins. Co.*, 11 N. E. Rep. 507 ; *Williams v. Ins. Co.*, 19 Mich. 451 ; *Harris v. Ins. Co.*, 5 N. W. Rep. 124 ; *Harle v. Ins. Co.*, 32 N. W. Rep. 396 ; *Russum v. Ins. Co.*, 1 Mo. App. 228 ; *Moser v. Ins. Co.*, 2 Mo. App. 408.

Rombauer, P. J., delivered the opinion of the court.

This is an action on a fire insurance policy. The trial court instructed the jury at the close of plaintiff's evidence that he could not recover, and this appeal is prosecuted by him from the judgment of the court refusing to set aside the nonsuit which he was compelled to take as a result of the instruction.

The plaintiff urges two exceptions : That the court erred in ruling out certain evidence offered by him, and also erred in withdrawing his case from the jury.

The following facts appeared by the pleadings and evidence : Plaintiff owned a farm on which stood a residence and two barns. He took a policy of insurance on these in the defendant's insurance company, July 1, 1885, for two thousand dollars, distributed as follows : twelve hundred dollars on the residence and four hundred dollars on each of the barns. The policy was to run three years. The premium was twenty-five dollars, for which the assured gave his note payable December 1, 1885. The policy contained the following provision : "It is especially agreed that this company (shall) not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation for the premium remains past due and unpaid." Also the following : "This policy or any indorsement thereof of any kind shall not be valid until countersigned by Ducat & Lyon, managers of the

western department * * * who alone shall have power or authority to waive or alter any of the terms and conditions of the policy."

On the twelfth of December, 1885, one of the barns burned. At that time the premium note, which was past due, was unpaid. On December 15 plaintiff notified Ducat & Lyon, general managers, of the loss, which letter was received by them on the seventeenth. December 16 he remitted to them the premium, which was received by them December 18. On the last-named day the general adjuster of the company wrote the following letter to plaintiff: "Your report of loss of one barn under No. G. F. 13,514, is received, and shall have the earliest possible attention." On December 23 Ducat & Lyon wrote the following additional letter to plaintiff:

"We have your favor December 16, with remittance of twenty-six dollars, in payment of following premium notes which please find herewith duly cancelled:

"Name, M. L. McCluer,
Amount of Note..........................$25.00
No. of Policy, G. F. 13,514, Int.... 1.00
_____
$26.00"

It was also in evidence that upon the receipt of the advice of the loss the general adjuster of the company referred the same for adjustment to John G. Hubble, local adjuster, and the local adjuster thereafter adjusted the loss and made report of his adjustment to the company December 23, accompanying the same with proofs of loss, and that thereupon on December 30, the general adjuster advised the plaintiff that he had forwarded to the agents of the company in Springfield a draft for three hundred and ninety-two dollars, in payment of the loss. This draft was never delivered, as the company refused to pay the loss owing to the fact that at the date thereof plaintiff was in default of payment on his premium note.

The premium note cancelled and surrendered to plaintiff as above stated was also offered in evidence, and is as follows:

"$25.00.    On or before the first day of December, 1885, for value received I promise to pay to the Home Insurance Company of New York, or order (by mail if requested), at their western farm department (Ducat & Lyon, managers), in Chicago, Illinois, twenty-five dollars in payment of the premium of policy No. G. F. 13,514 (issued by the said company at its western department office in Chicago, Illinois), and dated eighteenth day of July, 1885, with interest at the rate of seven per cent. per annum.

"If this note be paid sixty days before maturity all interest shall be waived.

"And it is hereby agreed that if this note be not paid at maturity, said policy shall lapse and be null and void so long as this note remains over-due and unpaid, and in case the earned premium on said policy for the time it was in force be not paid within thirty days of the maturity of this note, according to customary short rates of the company, then the whole amount of this note may be declared earned, due and payable at once, and may be deducted from the amount of said loss.

"(Signed)              Marquis L. McCluer."

The first exception, although assigned for error, is not argued by plaintiff's counsel, and we may pass it by with the observation that it is not well taken.   The evidence offered was properly excluded because parties cannot show by parol that a promissory note, which by its terms is payable on a day certain, was in fact payable on another day. *Gardner v. Matthews*, 11 Mo. App. 274, 275; *James v. Clough*, 25 Mo. App. 154.   Nor was D. M. Evans, the agent of the company, empowered to make any waiver, which, as appears by the contract between the parties, could be made only by the general agents of the company.

The second exception, however, is well taken.   The

evidence above recited was certainly sufficient to submit
the question to the jury whether the company by its acts
had waived the temporary forfeiture arising from the
non-payment of the premium note. The case of *Joliffe v.
Ins. Co.*, 39 Wis. 115, is directly in point. The clause
under consideration in that case was as follows:
"Whenever a promissory ·note shall be taken for the
cash premium, the policy in all such cases shall be issued
on the express condition that if said note is not paid
within sixty days · after the same shall become due,
thereafter all obligations of the company to the insured
shall be suspended until such time as the said note shall
be fully paid." The loss occurred while a portion of the
cash premium for which a note had been given remained
unpaid, and more than sixty days after such note
became due.

The court decided the following propositions:
(1) That the provision was inserted in the policy for the
benefit of the company, and, therefore, it could waive
it; (2) that there could be no recovery on the policy
unless the company had waived it, and (3) that by
receiving and retaining the whole cash premium and
thereby receiving and retaining compensation for the
risk covering the time when the loss occurred, it did
waive it and cannot be heard to allege that at the time
of the loss it had no risk on the property insured;
that the acceptance of the full premium after notice of
the loss was entirely inconsistent with the claim that the
risk was suspended when the loss occurred.

The court concluded that in view of the peculiar
terms of the contract the acceptance of the cash premium,
after default and notice of the loss, operated as a waiver
of the suspension clause therein and rendered the
defendant liable on the policy, the same as though the
notes for the cash premium had been paid when due.

These views, which seem to be just and fair, are
opposed to no decision in our own state. Waiver of
conditions before loss have been frequently upheld upon
much slighter evidence than in the case at bar (*Sims v.*

*State Ins. Co.*, 47 Mo. 54 ; *Froelich v. Atlas Ins. Co.*
47 Mo. 406 ; *Baldwin v. Chouteau Ins. Co.*, 56 Mo.
156 ; *Schmidt v. Charter Oak Ins. Co.*, 2 Mo. App. 339) ;
and while we are free to say that more persuasive evi-
dence should be required to justify the finding of a
waiver after loss than before, the cases are numerous
which uphold waivers after loss on substantially the
evidence presented in the case at bar. *Farmers' Ins.
Co. v. Bowen*, 40 Mich. 147 ; *Smith v. St. Paul Fire and
Marine Ins. Co.*, 13 N. W. Rep. 355 ; *Phœnix Ins. Co.
v. Lansing*, 20 N. W. Rep. 22.

It results that the court erred in withdrawing
plaintiff's case from the jury on the evidence offered.
Judgment reversed and cause remanded. All concur.