WILLIAM C. HAGGARD, Respondent, v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **Fire Insurance**: PROOFS OF LOSS.  The requirements of a fire insurance policy as to the method and time of presentation of proofs of loss must be complied with, in the absence of waiver or estoppel, to enable the assured to recover for a loss covered by the policy.

2. ———: WAIVER OF PROOFS OF LOSS: LAW AND FACT.  When there is any evidence from which it may be inferred, waiver is always a question of fact to be passed upon by the jury under appropriate instructions.

3. ———: ———: SUFFICIENCY OF THE EVIDENCE.  And *held*, that the evidence in this cause was sufficient to warrant the submission of that question, it appearing that the insurance company had received the proofs of loss within the stipulated time, had retained them without objection for a number of days after the expiration of that time, and had, moreover, delivered them to its agent for adjustment.

4. **Instructions**: COMMON FAULT.  An appellant is not entitled to complain of an instruction, given for the respondent, on the ground that it assumes a controverted fact, when he has himself offered an instruction containing the same assumption. .

*Appeal from the Webster Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*G. W. Barnett, Fyan* and *Harry Fyan,* for appellant.

The court erred in refusing to give the instructions in the nature of a demurrer to the evidence asked by defendant at the close of all the evidence.   The proofs of loss, furnished defendant by plaintiff, did not comply with the requirements of the policy, in that they did not bear the certificate of a magistrate as required by the policy.   The condition that the assured shall procure the certificate of the nearest magistrate as to the honesty of the loss must be strictly complied with.   *Noonan v. Ins. Co.,* 21 Mo. 81; *Leigh v. Ins. Co.,* 37 Mo. App. 543; *Erwin v. Ins. Co.,* 24 Mo. App. 24.   It cannot be said that the conversation which the agent, Harrison, had with assured on June 17, 1890, operated as a waiver of such certificate.   It was then too late to furnish the certificate.   It was almost a month after the time had expired, and was twenty days after he had received notice that his proofs were objected to by the company on account of the absence of the certificate.   A waiver cannot be founded upon any matters or conversations accruing after forfeiture of the contract, because of non-performance; to constitute a waiver the statements or conversations relied on must have been made or occurred before the time for making proofs had expired.   *Gale v. Ins. Co.,* 33 Mo. App. 664; *Leigh v. Ins. Co.,* 37 Mo. App. 549; *Erwin v. Ins. Co.,* 24 Mo. App. 152; *Beatty v. Ins. Co.,* 66 Pa. St. 9; *Underwood v. Ins. Co.,* 57 N. Y. 500; *McPike v. Ins. Co.,* 61 Wis. 43.   And further there was no waiver

on the seventeenth, because the agent served notice on assured that he did not waive any condition in the policy. There can be no waiver, when the party expressly states and gives the other party to understand that he does not waive. 2 Wood on Insurance [2 Ed.] p. 946; *Underwood v. Ins. Co.*, 57 N. Y. 500; *Blossom v. Ins. Co.*, 64 N. Y. 162; *Briggs v. Ins. Co.*, 8 W. Rep. (Mich.) 124.

*Dickey & Selph*, for respondent.

It was not error for the trial court to refuse defendant's instruction in the nature of a demurrer to the evidence, because there was evidence tending to establish a waiver, and, where there is any such evidence, it is a matter of fact to be submitted to the jury. *McCluer v. Ins. Co.*, 31 Mo. App. 62; *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Loeb v. Ins. Co.*, 99 Mo. 50. If the plaintiff's proof of loss was defective, it should have been returned at once with specific objections so plaintiff could amend. *Organ v. Ins. Co.*, 3 Mo. App. 576; *Parks v. Ins. Co.*, 26 Mo. App. 511; *Travis v. Ins. Co.*, 32 Mo. App. 198. Receiving and holding proofs of loss without objecting, and turning them over to the company's adjuster, are acts inconsistent with a design to object. *Loeb v. Ins. Co.*, 99 Mo. 50. The notice, given to plaintiff on the seventeenth day of June, is of no avail. A party cannot do a thing, and then avoid its consequences by saying he does not do it. *Erwin v. Ins. Co.*, 24 Mo. App. 153; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Philips v. Ins. Co.*, 14 Mo. 236.

BOND, J.—Plaintiff sued upon a policy of insurance covering his dwelling-house and other property, and alleged a destruction of the property so insured by fire

on April 20, 1890, during the life of said policy, and immediate notice of said loss to the defendant, and ample proof of said loss furnished defendant within thirty days thereafter.    Defendant's answer admitted the execution of the policy, denied the allegations of the petition as to the quantity and value of the property destroyed, averred that the fire was caused by the "act, fault and conduct" of the plaintiff, and denied that "within thirty days after the fire, or at any other time, plaintiff made out and furnished to defendant due and ample proof of said loss, and verified by plaintiff, as stipulated and required."    The plaintiff replied, alleging a waiver by defendant of the informalities of proof, etc.    After instructions given and refused, the cause was submitted to a jury, who returned a verdict for the plaintiff for $550, from which an appeal was taken to this court.

The only questions for review are those arising upon the giving and refusing instructions on the issue made in the pleadings as to the sufficiency in itself, and in point of time, of the proof of loss under the terms of the policy and the facts in the record.

In the investigation of the issue to which we are thus restricted, it may be said in the outset that, unless an examination of the proof adduced shall disclose evidence entitling the plaintiff to have the question of waiver of the stipulations contained in the policy, both as to the contents of the proof of loss, and the time when it must be furnished, submitted to the jury, it will be our duty to reverse this case; since it is the uniform ruling of the supreme court as well as this court that the requirements of fire insurance policies as to the method of proof of loss, and the time of the presentation thereof to the insurers, must be complied with, in the absence of waiver or estoppel, to enable the assured to recover for a loss covered by such poli-

cies. *Noonan v. Ins. Co.*, 21 Mo. 81; *Leigh v. Ins. Co.*, 37 Mo. App. 543; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Erwin v. Ins. Co.*, 24 Mo. App. 145; *Hick v. Empire Co.*, 6 Mo. App. 254. It is, however, the settled law of both these jurisdictions "that, where there is any evidence from which it may be inferred, waiver is always a question to be passed upon by the jury under appropriate instructions. *Loeb v. Ins. Co.*, 99 Mo. 50; *Schmidt v. Ins. Co.*, 2 Mo. App. 339; *Parks v. Ins. Co.*, 26 Mo. App. 511; *Okey v. Ins. Co.*, 29 Mo. App. 105; *McCluer v. Ins. Co.*, 31 Mo. App. 62; *Travis v. Ins. Co.*, 32 Mo. App. 198; *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Summers v. Ins. Co.*, 45 Mo. App. 46.

To determine the applicability of these principles of law, it is necessary to refer to the facts contained in the transcript. The policy of insurance contained a clause to the effect, that the claimant should give written notice forthwith of a loss thereunder, and within thirty days thereafter furnish proof of the circumstances of the loss and of the property destroyed, etc., with the annexed certificate thereto of the nearest magistrate, etc. Plaintiff read in evidence the following letter:

"MARSHFIELD, Mo., April 23, 1890.
"*German Insurance Co., Freeport, Ill.*

"GENTS.—My dwelling and portion of household goods were destroyed by fire on the night of the twentieth of this month. Cause unknown. Myself and family were in Springfield. Please give the matter your attention.          W. C. HAGGARD."

Plaintiff read in evidence proofs of loss, dated May 17, 1890. These were written out for the plaintiff by a notary public, and were signed and sworn to by the plaintiff, and the only objection to their introduction in evidence, made by defendant, was that the certificate of the magistrate was not annexed, as required by the

policy of insurance. These proofs of loss were mailed to defendant at Freeport, Illinois, on the morning of May 17, 1890, and were detained by the defendant at Freeport, Illinois, or by their state agents at Carthage, Missouri, so that they were returned to plaintiff under cover of an envelope addressed to him, on which was superscribed the date of May 26, and also the card of "Calhoun & Harrison, state agents of the German Insurance Company of Freeport, Illinois, Carthage, Missouri." There was a received stamp, showing that this envelope arrived at plaintiff's postoffice May 27. When the plaintiff opened the envelope, there was a slip of paper attached to the proofs of loss on which was written the following words: "Received at Freeport, Illinois, and sent to Calhoun & Harrison for adjustment." The evidence also was that Harrison, the defendant's state agent and adjuster, came to Marshfield on June 17; that the plaintiff had a conversation with him then on the subject of the proofs of loss; that the plaintiff then offered to make any and all corrections, if there was anything not right in the proof of loss, and that Harrison replied quickly: "It was too late for any corrections." The letter of May 26, 1890, written to the plaintiff by Harrison, which accompanied the return of the proofs of loss, gave amongst other reasons the following: "We object to proof, because same was not made to comply with policy in thirty days, as required by policy." The evidence tended to show that it would take about twenty-four hours to go from Marshfield to Freeport, Illinois.

We think the foregoing evidence adduced by plaintiff warranted the learned circuit judge in declining to give the instructions requested by defendant, all of which were offered on the theory that there was not sufficient evidence of waiver of the terms of the policy as to time of presentation and of the formalities of

execution of the proofs of loss to entitle the plaintiff to go to the jury.

The evidence for plaintiff tended to show that he sent his proofs of loss to the home office of the defendant several days *before* the expiration of the time (thirty days) limited in the policy, and the plaintiff never heard any objection to the sufficiency of these proofs, until he received a letter from defendant's state agent returning them on May 27, ten days *after* they had been forwarded by plaintiff; and that the time required for travel and transmission of mails between the postoffice of the plaintiff and the defendant was only one day. When the proofs were thus returned, the plaintiff found on a slip attached to them a penciled statement, showing that they had been received at the home office of defendant and turned over to the state agents of the defendant company for *adjustment*. This detention of the proofs of loss and their delivery to the adjusting agents of defendant has been directly adjudicated to be evidence of waiver *(Loeb v. Ins. Co., supra,* 58), where it is said: "A waiver of the strict terms of the contract may be shown by the acts and conduct of the officers of the company, and receiving and holding the proofs, without objection made thereto, and turning them over to the adjuster are acts inconsistent with a design on the part of the company to stand on the fact that the proofs are out of time." And although, as against the legal inference arising from such detention and delivery to the state agent, he thereafter inclosed the proofs of loss to the plaintiff, with a letter containing, among others, the objection that they were informal and presented out of time, such declaration on his part could not deprive the plaintiff of the benefit of the evidence of waiver inuring to him by reason of such detention of proofs and other acts of the defendant company. *Erwin v.*

*Ins. Co.*, 24 Mo. App. 153; *Summers v. Ins. Co.*, 45 Mo. App. 55. The only effect of this declaration by the state agent was to entitle plaintiff to stand on his legal rights as to prior evidence of waiver, or at most to make it his duty in a reasonable time thereafter to correct the proofs as far as the certificate of the magistrate or other informalities then objected to were concerned. As to this, the evidence was distinct that, about twenty days thereafter the plaintiff offered to make full corrections and amendments to the proofs of loss, as far as could be asked or required. To this defendant's state agent replied it was "too late now for corrections." This was a matter for the jury to determine under all the surroundings of the case, and not for the agent. While it is true that this refusal of the state agent took place after the time limited in the policy (thirty days), yet it did not take place (as a matter of law) beyond the currency of the time within which the plaintiff in this case was entitled to make or offer to make corrections in his proofs of loss, for the reason that the defendant had not objected to them until after the lapse of the time fixed in the policy (although they had been received within that period). From its failure to make such seasonable objections and other acts, the plaintiff might have inferred a waiver as to mere time, and, as a consequence, would have been entitled to reasonable time thereafter within which to make, or offer to make, corrections in his proofs of loss. In addition to this, defendant's notification, that such proofs (letter of Harrison) had not been received in time, was calculated to lead plaintiff to believe that no further corrections of said proofs would be permitted. It was clearly the duty of the defendant to make seasonable objections to such proofs of loss (Wood on Fire Insurance, sec. 442, p. 963), and it was certainly within the power of its state agent to waive

corrections which were subsequently tendered by plaintiff, if, under all the circumstances of the case, such tender was made within a reasonable time after defendant's notice to plaintiff of defects. *Park v. Ins. Co.*, 26 Mo. App. 511, 536; *Travis v. Ins. Co.*, 32 Mo. App. 198, 209.

These propositions were substantially embraced in instruction number 2, given by the court on behalf of plaintiff, wherein the court also refers to the plaintiff's offer of corrections as being made to defendant's "adjuster." Under the meager facts in the record we would be disposed to hold that the court erred in assuming in this instruction that defendant's state agent was also its adjuster. But we are relieved from a consideration of this ground of objection by the fact that the defendant, in its instruction number 6, refused by the court, requested the court to direct the jury "to exclude from their consideration the conversation had between the plaintiff and the *adjuster*, Harrison, on June 17, 1890," etc. The appellant, having tried his case below on the theory that Harrison was the adjuster of defendant, and having conceded that as a fact in its instructions offered, cannot now complain of the instruction given for plaintiff on that point. *Whitmore v. Lodge*, 100 Mo. 36, 47; *Straat v. Hayward*, 37 Mo. App. 590; *LaFayette Building Ass'n v. Kleinhoffer*, 40 Mo. App. 389, 393.

Our conclusion is that there was evidence in the record from which the jury were warranted in inferring a waiver by defendant of the informalities as to the magistrate's certificate. We have examined the instructions in this case, and do not find any errors therein of which the defendant can complain. The judgment herein is, therefore, affirmed. All the judges concur.