.N. B. WATSON, · Appellant, v. W. O. BARBEE, Respondent.

Kansas City Court of Appeals, November 20, 1893.

·Justices' Courts: AFFIDAVIT FOR APPEAL: JURISDICTION. Although an affidavit for an appeal from a justice's court fails to state whether the appeal was from the merits or matter of costs, it still confers jurisdiction on the circuit court and may be amended before the motion to dismiss is passed upon. Following *Welsh v. Railroad,*——Mo. App.—

*Appeal from the Ray Circuit Court.*—HON. ELBRIDGE J. BROADUS, Judge.

.REVERSED AND REMANDED.

*James L. Farris & Son* for appellant.

(1) No appeal allowed by the justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if "the appellant, or some person for him, will, before the motion to dismiss is determined, file in the appellate court the affidavit required." Revised Statutes, 1889, sec. 6340. (2) In the case of *Spencer v. Beasley,* 48 Mo. App. 98, wherein a similar point was raised, going to the suffi-·ciency of the affidavit. The court took occasion to remark: "Pending the motion to dismiss the appeal, ·the plaintiff might have, under section 6340 of the statutes, obviated the objection, by filing such an affidavit as was required by section 6330, but instead of taking ·that course, he elected to stand upon the affidavit as ·made." Which opinion of the court was approvingly

cited in the case of *Whitehead v. Cole & Rodgers*, 49 Mo. App. 429." In this case, however, the plaintiff (appellant herein) did, what this court said in the case of *Spencer v. Beasley, supra,* he might have done, to-wit, filed a sufficient affidavit under Revised Statutes, 1889, sec. 6330, and thus obviated the objection to the affidavit.

*J. E. Ball* for respondent.

ELLISON, J.—This action was begun before a justice of the peace. Plaintiff lost the case in that court, and in appealing to the circuit court he filed an affidavit with the justice which omitted to state whether the appeal was from the merits or matter of costs. A motion was made by defendant in the circuit court to dismiss the appeal for such omission. Before the motion to dismiss was passed upon, plaintiff offered to file a perfect affidavit, but the motion was nevertheless. sustained, and plaintiff comes here.

The trial court doubtless sustained such motion, notwithstanding plaintiff offered a perfected or amended affidavit on the authority of *Whitehead v. Cole*, 49 Mo. App. 426, wherein it was held that the circuit court acquired no jurisdiction of the subject-matter when the affidavit for appeal was defective in the particular complained of in this case. In the case of *Welch v. Railroad*, decided at this term, the position taken in the *Whitehead case* was disavowed. The judgment in this case will, therefore, be reversed and the cause remanded. All concur.