WM. P. DAUTEL, Respondent, v. PENNSYLVANIA FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. **Insurance:** PROOFS OF LOSS: WAIVER. Where proofs of loss are delivered fourteen days before the expiration of the time for their making and are retained until after the expiration of such time without objection, when the objection that they are unsigned comes without returning them for correction, it is proper to submit the question of the waiver of proofs of loss to the jury, whose finding will be conclusive on the appellate court.

Dautel v. Ins. Co.

2. ——— : ARBITRATION: PROPOSITION OF COMPROMISE WITHDRAWN. Where an adjuster offers a round sum in payment of the loss, which the assured refuses to receive, there is such difference as to the amount of the loss as to require an arbitration under the arbitration clause of the policy; but when the adjuster withdraws his proposition with notice that the company will insist upon every requirement of the policy intending to terminate all negotiations of a settlement, the arbitration clause of the policy is rendered inoperative and can not be invoked as a defense.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Fike, Yates & Fike* for appellant.

(1) Defendant's objection to the unsigned proof was valid. This point was not waived by the letter of April 9, but was pressed; nor is there any denial of liability as was claimed below. (2) Pending full compliance with policy requirements as to proofs and appraisal, the insurer could only treat with insured by way of compromise, because insured had no perfected demand; and it was not tantamount to a denial of liability to so state. *Noonan v. Ins. Co.*, 21 Mo. 81. (3) If there was no denial of liability then the action was premature because no appraisal was had. *Murphy v. Ins. Co.*, 61 Mo. App. 323; *McNees v. Ins. Co.*, 61 Mo. App. 335.

*Shackelford & Denny* and *Draffen & Williams* for respondent.

(1) The only question in this case is, whether there was any evidence authorizing the judgment rendered by the court below. The defendant stood upon its demurrer to the evidence, and asked no other declarations of law. None were asked or given on the

part of the plaintiff... The sole and only question, therefore, upon this appeal, is whether there was any evidence to support the finding of the lower court. *Shultz v. Hickman*, 27 Mo. App. 21. (2) The delay upon defendant's part to object to any informality, within a reasonable time after the receipt of said proofs, was a waiver of any defect therein. 2 Wood on Fire Insurance [2 Ed.], page 970. *Haggard v. Insurance Co.*, 53 Mo. App. 98; *Arnold v. Insurance Co.*, 55 Mo. App. 149; *Sims v. Insurance Co.*, 47 Mo. 54. (3) The letter of defendant's adjuster of April 9 came too late. After having retained the proofs without objection an unreasonable time he could not then claim that they were defective. *Arnold v. Insurance Co.*, 55 Mo. App. 149; *Haggard v. Insurance Co.*, 53 Mo. App. 98; *Porter v. Insurance Co.*, 62 Mo. App. 520. (4) The suit was not prematurely brought. Where liability is denied within the time that an appraisement may be had, the useless formality of demanding such appraisement before suit is not required. The denial of liability waives the necessity for such demand. An appraisement is only required where there is a disagreement as to the loss, not where all liability under the policy is denied. *McNees v. Insurance Co.*, 61 Mo. App. 341–345; *Insurance Co. v. Stocks*, 36 N. E. Rep. (Ill.) 408; 2 Wood on Fire Insurance [2 Ed.], sec. 456, pp. 1008, 1009, 1010.

SMITH, P. J.—This is an action on a policy of fire insurance, in which the plaintiff had judgment in the circuit court from which defendant has appealed.

The answer, after admitting the execution and delivery of the policy, pleaded that it was provided in said policy, that in the event of a disagreement as to the amount of any loss happening under said contract, the same shall be ascertained, estimated, and appraised

by two competent and disinterested appraisers, the insured and the company each selecting one, the two so chosen first to select a competent and disinterested umpire to whom shall be submitted any differences between said appraisers; and the award of any two, in writing, to determine the amount of such loss; and it is further provided therein, that compliance with such conditions shall be precedent to any action upon said contract. And it further avers that after the happening of the alleged loss, for which this action had been brought, there was a disagreement between plaintiff and defendant as to the amount of such loss, notwithstanding which, the same had not been fixed, ascertained, and estimated by appraisers, as provided by the terms of said contract, neither had any award as to the amount of the said loss been made as therein stipulated.

It appears from the undisputed evidence, that the fire occurred February 4, 1894, and that about ten days thereafter the defendant's adjuster visited the plaintiff and objected that the latter's loss had not been as much as he had claimed to the former it was; and that thereupon the former offered the latter $1,250 in settlement of the whole loss. This, we infer, the plaintiff refused to accept.

Afterward, on the nineteenth of March, 1894, the plaintiff made out and sent by mail proofs of loss, under the policy, to the general agent of the defendant. On March 27, the defendant's state agent wrote to plaintiff, notifying him that since he had failed to accept his proposition of compromise, the same was thereby withdrawn, and that a full and complete compliance with every condition of the policy would be insisted on and that no condition or requirement be waived.

On the thirtieth of March, the defendant's general

agents wrote to plaintiff, saying that they had referred the plaintiff's inquiry of the twenty-eighth relating to the adjustment of plaintiff's loss to the state agent of the defendant for disposition, etc.

On April 9, the state agent wrote to the plaintiff that a few days previously he had received from the defendant's general agents a bundle of papers, no doubt intended for proofs of loss under the plaintiff's policy, which were insufficient because not signed by the plaintiff and would not be accepted as proofs of loss by defendant. This letter also notified the plaintiff that the defendant would waive none of the conditions and requirements of the policy and that from thence forward such agent could only treat with the plaintiff from a compromise standpoint.

The policy required that the insured should, within sixty days after the fire, unless the time be extended in writing by the insurer, render a statement to the insurer, signed and sworn to by the insured, stating the latter's knowledge and belief as to the time and origin of the fire, etc., etc.

It is thus seen that after the rejection of the defendant's offer of settlement for $1,250, the plaintiff made out and delivered to defendant's general agents his proofs of loss. The sixty days time allowed by the policy, in which to make the proofs of loss, did not expire until April 4. Plaintiff delivered the proofs of loss fourteen days before the expiration of the time for doing so. The defendant retained such proofs until four days after the expiration of the time and then for the first time indicated the objection thereto, already stated.

The defendant declined to accept the proofs, but did not return them to the plaintiff for amendment, or signify a willingness to thereafter accept amended proofs, if furnished, but instead thereof notified plain-

tiff that the defendant would waive no requirement of the policy. The defendant, by holding the proofs of loss for fourteen days next before the expiration of the sixty days in which plaintiff could make the proofs of loss, under the policy, without making known its objections thereto, led the plaintiff, as a prudent man, to believe that the same had been accepted as satisfactory. If the defendant had, within a reasonable time after the receipt of the proofs of loss, notified the plaintiff that the same were deemed insufficient, stating in what particular, the plaintiff could have amended and delivered the same to the defendant within the time required, and thus performed the condition of the policy.

The effect of the defendant's notification to plaintiff was that he had not made the proof of loss, in the manner and within the time required by the conditions of the policy, and that it would, for that reason, insist upon a forfeiture. Common fairness required the defendant, within the current time, to have pointed out to the plaintiff wherein the proof was defective or unsatisfactory, so as to give him an opportunity to obviate, if he could, the objection, by amendment. *Arnold v. Ins. Co.*, 55 Mo. App. 147; *Haggard v. Ins. Co.*, 53 Mo. App. 98; *Loeb v. Ins. Co.*, 99 Mo. 58. To retain the proofs during the whole fourteen days of the unexpired time and then notify him of the defect, without signifying a willingness to receive amended proofs, was of no benefit to plaintiff.

Compliance with the conditions of a policy requiring proofs of loss is a condition precedent to the right or recovery, unless a waiver be shown. There must be something in the conduct of the insurer in the nature of an estoppel, to constitute a waiver of a condition in a policy. The insurer must have done something, or omitted to do something, which has misled the assured

and caused him to believe that would not be expected of him which is later on claimed he should have performed. *Porter v. Ins. Co.*, 62 Mo. App. 520; *Griggsby v. Ins. Co.*, 40 Mo. App. 276; *Hanna v. Ins. Co.*, 36 Mo. App. 538; *Leigh v. Ins. Co.*, 37 Mo. App. 542; *Erwin v. Ins. Co.*, 24 Mo. App. 152. In view of these principles, we are constrained to think the evidence was ample to justify the submission to a jury of the issue of waiver and the finding by the trial court on the issue in favor of the plaintiff is conclusive on us.

But the defendant contends that there was no denial of liability by the defendant, and since there was no appraisal had, the action was permaturely brought.

It will be remembered that within ten days after the fire happened the defendant sent its state agent and adjuster on the grounds, who, after looking into the matter of the plaintiff's loss, proposed to pay plaintiff $1,250 in settlement thereof. This proposition the plaintiff rejected. There was then a disagreement between the insured and the insurer as to the amount of the loss. This was sufficient to bring into operation the condition of the policy requiring arbitration. *Murphy v. Mercantile Co.*, 61 Mo. App. 323; *McNees v. Ins. Co.*, 61 Mo. App. 335. As the case then stood, an arbitration to ascertain the loss sustained by plaintiff was a condition precedent, under the policy, to his right of action.

But eight days before the expiration of the sixty days, in which the plaintiff was allowed by the policy to make proofs of loss, the defendant's state agent and adjuster gave the plaintiff written notice that his offer of compromise settlement was thereby withdrawn. After this there remained nothing to require an arbitration. There existed no longer any difference as to the amount of the plaintiff's damages. The effect of

the proposition to pay part of the loss was an admission of liability *pro tanto*. The withdrawal of that proposition was, in effect, a refusal to pay whatever damages might be determined by arbitration. The plaintiff was thereby relieved of the obligation which the previous disagreement imposed upon him to have the amount of his damages ascertained by arbitration before he could have a cause of action.

As the case stood just after the fire, the plaintiff was only required to make the proofs of loss, in the manner and time required by the policy, in order to complete his cause of action for the amount of loss specified in the policy. Until the defendant made an offer of settlement of the loss, at a sum less than the plaintiff was willing to receive, the contingency of a disagreement requiring an arbitration did not arise and was not in the case. The proposition of settlement not having been accepted by the plaintiff, or acted upon in any way by him, it was clearly within the power of the defendant to withdraw the same and thus restore the status of the parties existing before it was made and just after the happening of the fire. It is clear from the correspondence that the defendant, by the notice of withdrawal of its offer of settlement, intended to terminate all negotiations looking to an adjustment and settlement of the loss on that line, and that the plaintiff so understood it and acted accordingly. The clause of the policy requiring an arbitration was, by the defendant's own act, rendered inoperative. It was as a condition precedent to the plaintiff's right of recovery, in effect, stricken from the policy. It could not, therefore, be invoked as a defense against an action to recover the loss.

After the withdrawal of the offer of settlement, the plaintiff was then bound to make the proofs of loss in order to entitle him to his action on the policy.

Having done that, he could sue on the policy without reference to the arbitration clause therein. We think the action was not prematurely brought and that the judgment is sustained by the evidence and ought to be affirmed, which is accordingly done. All concur.