THOMAS K. HANNA *et al.*, Respondents, v. THE AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 20, 1889.

Insurance: WAIVER OF PROOFS OF LOSS: OFFER OF APPRAISAL. Where a policy of insurance makes proofs of loss a condition precedent, non-compliance therewith is fatal to recovery, unless there is a waiver thereof by the insurer. Such waiver rests on estoppel, that is, the insurer must have done or omitted to do something, which has misled the assured and caused him to believe that would not be expected of him which is later claimed he should have performed, and, like other estoppels *in pais*, it partakes of a moral nature and must involve some element of fraud, and where there is no such commission or omission, and the assured has simply requested proofs without admitting or denying liability, there is no such waiver. Nor does the fact that the insurer proposes an appraisal, as provided in the policy, which provision also required such appraisal when made to form a part of proof, but expressly prohibited its being construed as an admission of the validity of the policy or the waiver of any of its conditions, amount to such waiver of proofs, though if the demanding of such appraisal by the insurer, should, as it is not seen how it could, prevent the making up of proofs, it might be held a waiver.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*Phelps & Brown*, for the appellant.

(1) The ninth and tenth instructions, as modified and given by the court of its own motion, submitted a question of law to the jury by authorizing a recovery on the finding that defendant had waived the necessity

of making proofs of loss within thirty days without defining or explaining, in those or any subsequent instruction, what acts or omissions would constitute such waiver. Legal principles when enunciated for the government of juries should be expressed simply and clearly so as to be readily understood by the class of men generally performing that service. *Wilson v. Ins. Co.*, 30 N. W. Rep. 22. (2) The trial court committed error in the instruction given to the jury on behalf of the plaintiffs, especially in that part of said instruction which directed a verdict for the plaintiffs, "if the jury believe from the evidence that said proof was not made within thirty days by reason of the acts of defendant or its agents, and that defendant waived the necessity of making the same within thirty days," etc. If the particular account of loss was waived, what acts of defendant or its agents constituted such waiver? If the evidence was sufficient to justify a submission of the question to the jury, the court should have directed and informed the jury just what acts or omissions would amount to a waiver, and not leave them to grope in the dark. Less than this is not properly instructing the jury on questions of law pertinent to the issues they are sworn to try. *Wilson v. Ins. Co.*, 30 N. W. Rep. 22; *Okey v. Ins. Co.*, 29 Mo. App. 105. The question of waiver was not submitted to the jury under proper instructions. The acts constituting such waiver, and authorizing a recovery by reason thereof, should have been hypothetically stated. Where, as in this case, a single instruction is given, authorizing a verdict predicated on the facts therein stated to be found, it is bad if it ignores or leaves out of view facts which would authorize a different result. *Birtwhistle v. Woodward*, 95 Mo. 113; *Bank v. Metcalf*, 29 Mo. App. 384; *Wyatt v. Railroad*, 62 Mo. 408. So if based on a partial statement of facts. *Mead v. Brotherton*, 30 Mo. 201; *Hoffman v. Parry*, 23

Mo. App. 20. (3) The jury were biased, partial, and prejudiced, and their finding was contrary to, and entirely unsupported by, the evidence, and ought not to stand.

*McReynolds & Halliburton*, for the respondent.

(1) There was sufficient evidence to go to the jury on the question as to the waiver of time in furnishing proofs of loss. *Ins. Co. v. Kyle*, 11 Mo. 278; *Phillips v. Ins. Co.*, 14 Mo. 220; *Russell v. Ins. Co.*, 55 Mo. 585; *Schultz v. Ins. Co.*, 57 Mo. 331. And it was not necessary to direct the jury what particular facts would constitute the waiver. (2) Mrs. Mason substantially complied with the terms of the policy as to time in furnishing proofs of loss, and appellant's letter of December 18, making no specific objection to the proofs of loss, was of itself a waiver of time. Time is not the essence of the contract. *Hicks v. Ins. Co.*, 6 Mo. App. 254; *Russell v. Ins. Co.*, 55 Mo. 585; *Brink v. Ins. Co.*, 80 N. Y. 109–115; Barber, Principles of Insurance [pony Ed.] p. 132, par. 85. (3) The letters set out in the abstract from appellant to Mrs. Mason and respondents, and the attempt to arbitrate and appraise property, are circumstances that go to prove waiver of time, and the letter of December 18 is almost conclusive as to waiver, and the evidence shows that proofs were made as soon as could be after the failure of arbitration, November 24. *Russell v. Ins. Co.*, *supra*. As to general rule on notice and proofs of loss and waiver of time, etc., see Barber, Principles of Insurance [pony Ed.] p. 127–134.

*Karnes, Holmes & Krauthoff*, also for the respondents.

When the delay in furnishing proofs of loss is due to the acts of the company, or its agents (*Dohn v. Ins. Co.*, 5 Lans. 256; 2 Wood Fire Ins., p. 942), or the conduct of

the latter is such as to induce a belief on the part of the insured, that the matter of time will not be strictly insisted on ( *Williams v. Ins. Co.*, 54 Cal. 442), or to lessen his diligence, or to require something which he may not be able to furnish in the time specified, by reasonable diligence (2 Wood, p. 985) ; or its acts and declarations, with knowledge of the loss, are calculated to delay the insured in making proofs of loss (*Ins. Co. v. Kinner*, 28 Gratt. 88) ; in each instance, a waiver of the requirement that proofs shall be furnished within a stipulated time (usually thirty days) results. In such a case, the waiver may be complete, or if not, the insured has a reasonable time, under all the circumstances, after being notified that the company will insist on the proofs, to comply with the requirements. Wood Fire Ins., p. 942. The same rule prevails under the limitation sections usually inserted in such policies. *Jennings v. Ins. Co.*, 18 N. E. Rep. (Mass.) 601. In such cases it is a question of fact for the jury whether the delay is attributable to the act of the company. *Gale v. Ins. Co.*, 33 Mo. App. 664 ; 2 Wood Fire Ins., p. 943 ; *Argall v. Ins. Co.*, 84 N. C. 355.

*Gage, Ladd & Small*, for appellant in reply.

(1) It was a condition precedent to a recovery upon this policy that the assured should, within thirty days after the loss, render to the company a particular account of the loss under oath, etc. This is a valid requirement in an insurance policy, and has always been enforced by the courts. There was no evidence in the case tending to prove a waiver ; none whatever on which to base the instructions framed upon the theory of a valid excuse for the delay. *Cowan v. Ins. Co.*, 20 Pac. Rep. ( Sup. Ct. Cal.) 409 ; *Ins. Co. v. Sorsby*, 60 Miss. 313. (2) Nor was the letter written by the

company December 18, on receipt of the proofs, a waiver. *Ins. Co. v. Kyle*, 11 Mo. 290. (3) If it should be considered that in the case there was evidence tending to prove a waiver, the question should have been submitted to the jury under instructions informing them what acts would constitute a waiver, and which did not leave all the questions of law and fact to be determined by the jury. The instruction given for the plaintiff, and defendant's instructions 9 and 10, as modified by the court, are erroneous for this reason. *Minor v. Edwards*, 12 Mo. 140; *Jordan v. Hannibal*, 87 Mo. 677; *Dyer v. Brannock*, 2 Mo. App. 441; *Speak v. Ely Co.*, 22 Mo. App. 123; *Estes v. Fry*, 22 Mo. App. 88; *Morgan v. Durfee*, 69 Mo. 480.

ELLISON, J.—This is an action on a policy of insurance which was assigned to plaintiffs by the assured, after the loss.

The loss was total and occurred on October 30, 1886. Several interesting points have been discussed by counsel, but, as in the view we take of it, the case may be finally disposed of on one of them, we will not notice the others.

The policy contained a provision that in case of loss the assured should, "within thirty days thereafter, render to said company a particular account of said loss," etc. It contained the further provision that, on the request of either party, the value of the property destroyed should be subject to an appraisal and that in case of such appraisal it should form a part of the preliminary proof, "but no appraisal or agreement for appraisal shall be construed, under any circumstances, as an admission of the validity of said policy, or of this company's liability thereunder, or a waiver of any condition of said policy."

The point is urged that the proof was not made within the thirty days; and as the fire occurred on the thirtieth of October and the proof was not furnished until December 4 thereafter, there is, of course, no question as to there being a non-compliance with this condition. Such provision of the policy is a condition precedent, and a non-compliance, unless compliance is waived by the company, is fatal to a recovery. *Erwin v. Ins. Co.*, 24 Mo. App. 145; *Gale v. Ins. Co.*, 33 Mo. App. 664. The only question, therefore, for our determination, is as to the waiver asserted by plaintiffs and denied by defendant. Such waiver must rest on estoppel. That is, the defendant must have done something, or omitted to do something, which has misled the assured and caused him to believe that would not be expected of him which is now claimed he should have performed. Like other estoppels *in pais*, it partakes of a moral question. There must be in it some element of fraud. *Galbreath v. Newton*, 30 Mo. App. 380, 399.

Nothing whatever appears to have been done by the assured, or plaintiffs, or defendant, up to the twenty-third or twenty-fourth of November, except what is indicated by the following correspondence.

"KANSAS CITY, Mo., November 5th, 1886.
" *The American Central Insurance Co., St. Louis, Mo. :*

"GENTLEMEN—You will please take notice that your policy number 188843, issued at Sarcoxie, Missouri, October 13, 1886, to M. E. Mason, on the hotel, is in our hands, an order having been made by Mrs. Mason and her husband to us; they owing us a large sum of money, and we having mortgage on the hotel. Please advise receipt of this notice, and make loss payable to us when adjusted.

"Yours truly,
"(Signed) TOOTLE, HANNA & Co."

"American Central Insurance Company, of St. Louis.

"Loss 7778. Policy 188843. Sarcoxie, Mo. M. E. Mason.

"St. Louis, Mo., November 8, 1886.

" *Tootle, Hanna & Co., Kansas City, Mo. :*

"Gentlemen—In relation to the matter noted above, we have your favor of the fifth inst. We are not clear from the reading of your letter whether Mason has assigned the policy to you, or simply given you an order on us.

"Up to this time we have not been furnished with a particular account of the alleged loss, and everything necessary after a loss is yet to be done, and while we decline to assume in advance any liability to any one on account of the matter, we shall be pleased to render you any favor we can, not inimical to our interest.

"Very truly yours,

"(Signed)    Dave Rorick, General Adjuster."

"Kansas City, Mo., November 9, 1886.

" *The American Central Insurance Co., St. Louis, Mo.:*

"Gentlemen—Replying to your favor of November 8, in the Mason matter at Sarcoxie, Missouri, would say we are under obligations to you for the letter. The nature of the matter between Mason and us is the assignment of his interest in the policy to us, subject to the settlement of loss.

"Yours truly,

"(Signed)         Tootle, Hanna & Co."

"American Central Insurance Company of St. Louis.
"Loss 7778.    Policy 188843.    M. E. Mason.
            "St. Louis, Mo., November 19, 1886.
"*Charles O. Orchard, Esq., Agent, Sarcoxie, Mo.:*

"Dear Sir—We have been advised that the assured under the above policy has assigned the policy to Tootle, Hanna & Co.   We have also been advised that the fire alleged to have occurred has not or can not be accounted for, and we desire to investigate the matter closely before either admitting or denying the liability in the premises.   But in any event, it seems to us desirable that the amount of the alleged loss and damage be determined by an appraisal by disinterested and competent appraisers.   We would like to know whether or not the assured will be ready and willing, under the circumstances referred to, to submit the question of amount of loss to appraisers selected under the terms of the policy.   See lines 23 to 31 on the back of the policy under the head of 'proceedings in case of loss,' and whether he (or she) will meet an adjuster at your office on Tuesday morning, twenty-third inst., with a qualified appraiser and then and there to sign the appraisal agreement and name and swear in the appraisers.

"Please read this letter to the assured and let the assured answer immediately by telegram, so that we may arrange to have an adjuster on hand.   The appraisers ought to be disinterested and not disqualified, by reason of having made figures or done work on the building referred to.   We should be pleased to have also a personal letter from you on the topic.

            "Yours very truly,
    "(Signed)   Dave Rorick, General Adjuster."
    Vol. 36—35

"SARCOXIE, Mo., November 24, 1886."

"*M. E. Mason, Sarcoxie, Mo.:*

" In relation to the alleged loss by fire of the night of October 30–31, 1886, to the property described in the policy number 188843 of the American Central Insurance Company of St. Louis, you are hereby notified that the said company requires of you a strict compliance with all of the conditions and stipulations of said policy, especially in relation to rendering to said company a particular account of said alleged loss ; and also that the said company neither admits nor denies liability under said policy in consequence of said alleged loss.

"Respectfully,

"AMERICAN CENTRAL INSURANCE COMPANY OF ST. LOUIS.

"By DAVE RORICK, General Adjuster."

"American Central Insurance Company of St. Louis. "Loss 7778.    Policy 188843.    Sarcoxie, Mo. M. E. Mason.

" ST. LOUIS, November 26, 1886.

" *Tootle, Hanna & Co., Kansas City, Mo.:*

"GENTLEMEN—In relation to the alleged loss, under the policy referred to above, we beg to say that in compliance with an appointment in writing, the adjuster of the American Central Insurance Company (who is also special adjuster for the Springfield Fire and Marine Insurance Company) visited the town of Sarcoxie, Missouri, for the purpose of having the amount of loss appraised without waiving any of the conditions of the policies of the two companies named, and without admitting or denying liability under their respective policies, but finding the assured unprepared to act in conformity with the appointment, he returned to St. Louis, leaving the matter as it was, practically, when the writer saw you in your office at Kansas City. None of the conditions of either of the policies of the

two companies named have been complied with relating to loss, and none of them have been waived, neither do either of the companies admit or deny liability under their respective policies.

"Respectfully,

"AMERICAN CENTRAL INSURANCE COMPANY,

"SPRINGFIELD FIRE & MARINE INSURANCE CO.

"By DAVE RORICK, Adjuster."

"American Central Insurance Company — Loss Department.

"Loss 7778.  Policy 188843.  M. E. Mason.

"ST. LOUIS, December 18, 1886.

"*M. E. Mason, Sarcoxie, Mo.:*

"A written document, purporting to be 'proof of loss' under the above policy, and subscribed and sworn to by you before W. P. Simmons, justice of the peace, has been received at this office.  We desire to advise you that the document is not 'proofs of loss' under, in accordance with, nor within the terms and conditions of the policy referred to ; and that we decline to accept it as such, and that we hold it subject to your order.

"Yours very truly,

"AMERICAN CENTRAL INSURANCE COMPANY.

"By DAVE RORICK, General Adjuster."

"American Central Insurance Company, of St. Louis.

"Loss 7778.  Policy 188843, Sarcoxie, Missouri, M. E. Mason.

"ST. LOUIS, December 18, 1886.

"*Tootle, Hanna & Co., Kansas City, Mo.:*

"GENTLEMEN—In relation to the loss referred to above we beg to advise you that we have to-day written a letter to M. E. Mason, of which the following is a copy, to-wit :

"A written document purporting to be 'proofs of loss' under the above policy and subscribed and sworn to by you before W. P. Simmons, Justice of the Peace,

has been received at this office. We desire to advise you that the document is not 'proof of loss' under, in accordance with, nor within the terms and conditions of the policy referred to, and that we decline to accept it as such, and that we hold it subject to your order.

(Signed by the company.)

"This leaves the case without any proofs of loss having been served upon us that were acceptable to the company, and the company has not waived any of its rights under the policy, nor none of its conditions.

" Yours truly,

"(Signed)        DAVE RORICK, General adjuster."

From these letters, it appears that instead of waiving the proof of loss, defendant in its letter to plaintiffs of November 8 informed them that no proof had up to that time been furnished and clearly indicated that it must be furnished. On November 19, defendant asked for an appraisal under the terms of the policy, and set the twenty-third of the month as the day upon which they would proceed to the appraisement. Defendant's agent attended at the appointed time and place, but the assured was not ready to proceed by reason of being disappointed in getting the appraiser he expected. Nothing is shown to have been done, said or left unsaid, up to this time, which would indicate to any rational mind that defendant had waived, or was intending to waive, the provisions of the policy. On the contrary by the letter of the twenty-fourth, defendant again reminded the assured that it must be furnished the proof as required by the policy. But in addition to this, defendant, on November 26, again wrote these plaintiffs, who had possession of the policy, that the proofs must be made and the policy complied with, and yet plaintiffs remained listless or idle, and did not even forward the policy to Sarcoxie, that it might be used to make up proof, until written to from there to do so ; and yet the fact that plaintiffs had the policy in Kansas

Hanna v. The Amer. Cent. Ins. Co.

City is now set up by them as the reason or excuse for not getting the proof or loss ready between the twenty-fourth ( the day the appraisement failed ), and the expiration of the thirty days limited by the policy. It has been urged by counsel, that since the policy provided that in case appraisal is had it should accompany the proof of loss, that defendant's request for appraisal prevented the making of proof until after the appraisal.

But defendant's request was not made until November 19, twenty days after the fire. During these twenty days, the assured did nothing. Has he a right to wait for such request, which may not be made at all till the time limited has expired ?

Calling for an appraisal, during the currency of the time for proof of loss, is not inconsistent with such proof, for the policy provides that in such case, the *appraisal shall accompany the proof.*

If the insured should call for an appraisal near the end of the time for proof, and this should *prevent* the making up of proof, though, at present, I am unable to see how it well could, it might be held to be a waiver, as in such case the fault would be with the insurer.

But in the case before us, there remained six or seven days of the time in which to make proof after the assured knew there would be no appraisal. It appears that one-half a day would have been ample time but for the fact that the plaintiffs had the policy in Kansas City. There appears from the beginning, to have been an absolute indifference on the part of plaintiff and the assured as to the provisions of the policy, and the excuses now offered can not be indulged. There was not only no evidence of a waiver, but, on the contrary, it appears, affirmatively, that there was none made or intended.

The judgment will therefore, with the concurrence of the other judges, be reversed.