Sarah E. Leigh and James A. Leigh, her Husband, *et al.*, Respondents, v. Springfield Fire and Marine Insurance Company of Springfield, Massachusetts, Appellant.

**St. Louis Court of Appeals, November 5, 1889.**

1. **Practice, Appellate.** A judgment should not, when appealed from, be affirmed upon a technical and doubtful question of pleading, which does not appear to have been distinctly raised in the trial court, and which, if so raised, could have been obviated by an amendment.

2. **Practice, Trial:** PLEADING. When a petition states several things conjunctively, the denial thereof in the answer, if special, must be disjunctive.

3. **Insurance:** PROOFS OF LOSS. Compliance with a condition in a policy of fire insurance requiring proofs of loss is a condition precedent to a recovery under the policy, unless a waiver of it has been shown.

4. —— : ——. The fact that the policy requires a certificate of the nearest justice of the peace as a part of the proofs, and that the nearest justice refuses to give the requisite certificate, does not dispense with the necessity for proofs of loss; but, *semble*, the capricious refusal of the justice to give the certificate would not prevent a recovery, if the requirement for proofs were otherwise complied with, and the certificate of another justice obtained.

5. —— : WAIVER OF PROOFS. A waiver is not established by proof that immediately after the fire, and after the company had knowledge of it, the adjuster of the company visited the scene of loss and saw the assured, nor by the fact that, after the expiration of the time for the delivery of the proofs, the company made an offer of compromise to the assured.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*George. N. Boughton*, for the appellant.

The only issue made by the pleadings was: Had the plaintiffs performed their part of the contract? They aver in their petition that "they have faithfully kept and fulfilled all the conditions and requirements in the said contract of insurance on their part." As to the giving notice of the fire no point is made, appellant admitting that it had due notice. But the other requirements of the policy as to proof of loss and a certificate of the magistrate, not having been waived by the company, ought to be substantially complied with before a recovery can be had. Wood on Fire Ins., p. 927; *Noonan v. Ins. Co.*, 21 Mo. 81; *Sims v. Ins. Co.*, 47 Mo. 54; *Erwins v. Ins. Co.*, 24 Mo. App. 145; *Blosson v. Ins. Co.*, 64 N. Y. 162.

*James Carr*, for the respondents.

No issue was made by the appellant's answer. The answer is not a general denial; and it is not a specific

denial of performance of conditions. Stephen on Plead., 246; Chitty on Plead., 645; *Doll v. Goode,* 38 Cal. 287; *Young v. Catlett,* 6 Duer., 437; *Byington v. Hogan,* 58 Mo. 509; *Wood v. Whiting,* 21 Barb. 190; *Wing v. Dugan,* 8 Bush, 583. If the court shall be of opinion that there was an issue of fact in this case, then the court below, sitting as a jury, passed on the facts and found them in favor of the respondents.

THOMPSON, J., delivered the opinion of the court.

This is an action on a policy of fire insurance. The plaintiffs had a verdict and judgment, and the defendant prosecutes this appeal. The error assigned is that the court erred in refusing to take the case from the jury, at the close of the plaintiffs' evidence. No evidence was offered for the defendant. The plaintiffs seek to avoid the force of this assignment of error, by raising the argument in support of the result reached in the trial court that the plaintiffs' right of recovery stood admitted on the pleadings.

I. We shall first get this question of pleading out of the way. The petition avers that the plaintiffs "have *faithfully* kept and fulfilled all the conditions and requirements in the said contract of insurance on their part." The answer consists of a denial of this paragraph of the petition in the words in which it is averred, and of nothing more. The entire answer is as follows:

"Now comes the defendant by its attorney, and, for answer to plaintiffs' petition, denies that plaintiffs have faithfully kept and fulfilled all the conditions and requirements of the contract of insurance referred to in said petition." The argument put forth in favor of the view of the plaintiffs is that the word "faithfully" as used in the petition is a mere intensive word, having no legal meaning or effect; but that a denial of the paragraph of the petition containing this intensive word, in the very language in which the paragraph stands in the petition,

amounts to a denial of the intensive word only; that is, that the denial in this case is not a denial of the allegation that the plaintiffs have kept and fulfilled the conditions and requirements of the contract, but only a denial that they have *faithfully* kept and fulfilled the conditions and requirements of the contract. We agree with much of the able argument that has been put forth in behalf of this view; and if the question had been distinctly raised on demurrer and overruled, we might feel inclined to sustain the respondents' position. We quite agree with the position that, as a rule of pleading, where several things are averred by the plaintiff *conjunctively*, they cannot under our code be denied conjunctively, but that they must be denied *disjunctively;* for a conjunctive denial would not, according to the fair interpretation of language be what our statute requires in the case of a special denial, "a *specific* denial of *each* material allegation of the petition." R. S., sec. 3521. But as the word "faithfully" can hardly be said to be an allegation, but is a mere expletive word, we think that it can hardly be regarded as a fair interpretation of this answer to hold that it is merely a denial of this expletive word. It is true even under the code that a pleading must be interpreted in doubtful cases most strongly against the pleader. But this rule does not require an unreasonable or unfair interpretation. The paramount rule of interpretation applies, we think, to pleadings as much as to statutes, to wills and to contracts, that they are to be interpreted so as to give effect to the *intent of the author*, where that intent fairly appears in the language used. We think that it is fairly to be inferred in this case, from the language used, that the defendant intended to traverse this particular allegation of the petition in the very terms in which it had been made, and to rest its defense solely upon the issue that the plaintiffs had not complied with the conditions and requirements of the policy on their part.

While it is true, as a general rule, that any reason may be urged in an appellate court, which is good in itself, *in support* of the judgment which is appealed from, yet we think that a judgment ought not to be affirmed upon a technical and doubtful question of pleading which does not appear to have been distinctly raised in the trial court, when, if it had been so raised, it could easily have been obviated by an amendment—in this case by striking out a single word.

II. This brings us to the appellant's assignment of error, and it is obviously well taken. The policy of insurance upon which the action is brought contains a clause, usual in such policies, requiring the person sustaining loss or damage by fire "forthwith to give notice of said loss in writing to the company," etc., and, "as soon thereafter as possible, render a particular account of such loss, signed and sworn to by them, stating," etc. No proofs of loss were ever rendered by the plaintiffs in this case. The well-known rule is that a condition in a policy of fire insurance requiring proofs of loss is a condition precedent to the right to maintain an action upon the policy, and if the condition is not complied with such an action must fail, unless the condition has been waived by the underwriter. *Noonan v. Hartford Fire Ins. Co.*, 21 Mo. 81; *Sims v. State Ins. Co.*, 47 Mo. 54.

As no such proofs were furnished in this case, the only remaining question is whether there was any evidence tending to show a waiver of them; for if there was no such evidence then the court erred in submitting the case to the jury. The entire evidence in the case consisted of the policy, supplemented by the following testimony :—

James A. Leigh, one of the plaintiffs, testified as follows : "A few days after the fire, I think eight or ten, an adjuster came to see me. He did not say much of anything, but said that he had seen the ground where the fire was. Mr. Boughton was the agent of the company at the time of the fire, but not when the policy was

issued.  He told me that he had notified the company
of the fire.  The house burned was, I suppose, one hun-
dred and fifty or two hundred feet from where Mr.
Boughton lived.  I applied to the nearest justice of the
peace, J. R. Wilson, for a certificate of the loss, but he
would not give it.  Do not know that he gave any reason;
only he said he had heard that the house was set on fire,
or something to that effect.  He would not tell me who
had told him so, or how he heard it.  I then asked him
to make an affidavit that the house was fraudulently
burned, but he refused to do so.  Some time last spring
the state agent of defendant offered to pay five hundred
and fifty dollars to settle the matter.''

H. N. Phillips testified as follows:  ''Some two or
three months ago the state agent of defendant came to
see me at Malden, in regard to their loss, and said to me
that he would pay five hundred and fifty dollars to settle
the loss.  I referred him to Colonel Kitchen, of Dexter.''

George N. Boughton testified as follows :  '' I was
agent of defendant at the time this house was burned.  I
notified the company by mail the same night.  I think it
was eight or ten days after the fire before the adjuster
came.''

This was all the evidence in the case.

We do not suppose that the mere fact of the refusal
of the person who happened to be the nearest justice of
the peace, to give the certificate required by the terms of
the policy, would prevent the plaintiffs from recovering,
if they had otherwise complied with the terms of the
policy in regard to furnishing proofs of loss; for
although, as held in *Noonan v. Hartford Fire Insur-
ance Co.*, 21 Mo. 81, this condition in a policy in regard
to the certificate of the nearest magistrate or notary
public as to the fairness of the loss is a condition pre-
cedent in the same sense in which the furnishing of
proofs of loss is a condition precedent to the right of
the assured to recover on the policy,—yet we do not

suppose that it is a condition precedent in such an absolute sense that the capricious refusal of a magistrate or notary to furnish the certificate would bar recovery for a loss, where the other conditions entitling the assured to a recovery were present. But the refusal of the magistrate or notary to give such a certificate does not, on any ground which occurs to us, excuse the assured from getting the certificate of another officer, or in otherwise complying with the terms of the policy, by furnishing proofs of loss, and giving a description of the same as required by the contract.

Nor do we rest our decision at all upon the question of the failure of the plaintiffs to give *notice* of the loss; for the evidence shows that the defendant's agent gave immediate notice of the loss; and it is a general rule of law that a requirement for the giving of notice is dispensed with where the party entitled to be notified has previous knowledge. Notice in such a case would be nugatory.

Waivers of proofs of loss are generally predicated upon a ground analogous to that which supports an estoppel *in pais; while the time was open* within which proofs of loss, under the terms of the policy, might have been furnished, the insurer must have done something which would fairly lead the assured to believe that proofs of loss would not be required. Certainly nothing of this kind was done in this case. The defendant's adjuster visited the scene of the loss and had some conversation with one of the plaintiffs, which conversation is not given; but nothing came of his visit—there was no adjustment—no agreement at that time to pay the loss, or to pay any particular sum. So far as his visit is concerned, in connection with the question of waiver, the case stands as though it had not taken place.

Then, as to the subsequent promises to pay the sum of five hundred and fifty dollars. These promises took

place long after this action was brought and some three years after the happening of the loss. It is a well-understood rule of procedure that a plaintiff must recover upon the state of facts existing at the time when he brings his action. The loss took place in May, 1885. This action was brought in August of the same year. This trial did not take place until the September term, 1886. The evidence of the witnesses was that this offer to pay five hundred and fifty dollars took place some time in the preceding spring. It was therefore at most a mere offer to compromise, and was no waiver of any legal rights which the defendant had.

A mere offer to pay less than the sum sued for cannot be regarded as a waiver of the condition of the policy touching proofs of loss, or of any other legal right which the defendant may have. It seems to me that the language of SHARSWOOD, J., in a case in Pennsylvania, expresses the law applicable to this subject: "To constitute a waiver, there should be shown some official act or declaration by the company, *during the currency of the time,* dispensing with it,—something from which the assured might reasonably infer that the underwriters did not mean to insist upon it. * * * After the thirty days had expired without any statement, nothing but the express agreement of the company could renew or revivify the contract." *Beatty v. Insurance Co.,* 66 Pa. St. 9. Quoting with approval this language, it was said by ELLISON, J., in a case in the Kansas City court of appeals: "The clear reason for this is, that within the time limited the company's conduct may be such as to lead the assured to believe no compliance, as to time, would be required or deemed material, and, but for such conduct, he would have rendered full compliance. But if the specified time has elapsed without the fault of the company, its subsequent acts, short of an express agreement, would seem to be of no effect; for they can work no possible harm to the

assured, who has already lost his right." *Erwin v. Insurance Co.*, 24 Mo. App. 152. Although this was an *obiter dictum*, there is no ground whatever for doubting the soundness of the principle there stated. Here there was not only no express agreement after the time expired for the making of proof of loss—and for the purpose of this case that time expired when this action was brought without such proofs having been made— but there was nothing beyond an offer to pay less than demanded, which offer was by the plaintiffs refused.

The judgment of the circuit court will be reversed, and the case remanded. All the judges concur.