LEROY W. PORTER, Respondent, v. THE GERMAN-AMERICAN INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 14 and May 20, 1895.

1. **Insurance**: PROOFS OF LOSS: CONDITION PRECEDENT: WAIVER. Compliance with the provision of a policy requiring proofs of loss is a condition precedent to the right of recovery, and, to constitute a waiver thereof, there must be something in the conduct of the insurer in the nature of an estoppel.

2. ———: ———: WAIVER. When the negotiations of the parties leave as the only issue between them the value of the destroyed property, it may be fairly inferred that defects in proofs of loss furnished have been waived; and the evidence in this case is *held* to be sufficient to submit the case to the jury and to sustain their verdict.

3. ———: WAIVER.  The waiver of a condition in a policy is equivalent to its elimination from the policy.  Once waived it can not be revived without the consent of the insured.

*Appeal from the Jasper Circuit Court.*—HON. H. H. HARDING, Special Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) Compliance with a condition in a policy of insurance requiring proofs of loss, is a condition precedent to a recovery under the policy, unless a waiver of it has been shown. *Leigh v. F. & M. Co.*, 37 Mo. App. 547; *Hanna v. Ins. Co.*, 36 Mo. App. 538; *Norman v. Ins. Co.*, 21 Mo. 81; *Simms v. Ins. Co.*, 47 Mo. 64; *Maddox v. Ins. Co.*, 56 Mo. App. 343–348; (2) The fact that an adjuster visited the place of fire and offered to settle the loss with the insured upon a certain basis, which offer was rejected by the insured, does not establish a waiver of the right of the insurer to proofs of loss. *Maddox v. Ins. Co.*, 39 Mo. App. 198–204; *Cook v. Ins. Co.*, 70 Mo. 610. (3) There should be something in the conduct of the insured in the nature of an estoppel to constitute a waiver of a condition of an insurance policy. *Hanna v. Ins. Co.*, 36 Mo. App. 538; *Grigsby v. Ins. Co.*, 40 Mo. App. 276; *Leigh v. Ins. Co.*, 37 Mo. App. 542, 548, 549; *Erwin v. Ins. Co.*, 24 Mo. App. 152.

*Thomas & Hackney* for respondent.

The testimony was ample to authorize the submission to the jury of the question of the waiver of proofs of loss by the company. *Gale v. Ins. Co.*, 33 Mo. App. 673; *Carroll v. Ins. Co.*, 13 Pac. Rep. (Cal.) 863; *Walker v. Ins. Co.*, 22 Ins. Law Journal (Kan.) 750; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Hoffman v. Accident Indemnity Co.*, 56 Mo. App. 301; *O'Key v. Ins. Co.*, 29 Mo. App. 112–114.

SMITH, P. J.—This is an action on a fire insurance policy to recover for loss by fire of plaintiff's stock of merchandise. It is not controverted that the destruc-

tion of the property took place within the life of the policy.

The defense interposed is that of noncompliance by plaintiff with a condition in the policy, requiring him "in case of loss to give immediate notice thereof and render to the company a particular account of said loss, under oath, stating the time, origin and circumstances of the fire; the occupancy of the building insured, or containing the property insured at the time of the fire; other insurance, if any, and copies of all policies, the whole value and ownership of the property, and the amount of loss or damage, and shall produce the certificate under seal of a magistrate or notary public or commissioner of deeds, nearest the place of the fire, and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured and verily believes the assured has without fraud sustained loss on the property insured to the amount claimed by said assured."

At the trial, which was by jury, the court, at the request of the plaintiff, gave the following instructions:

"1. The court instructs the jury that the execution of the policy of insurance read in evidence is admitted by the defendant, and if you find from the evidence that any of plaintiff's stock of groceries covered by said policy of insurance was destroyed by fire on or about the eighteenth day of July, 1890, and that defendant was notified of such fire, and that afterward, on or about the twenty-third day of July, 1890, the adjuster of defendant, authorized to settle and adjust plaintiff's loss under said policy, came to Carthage, Missouri, to adjust plaintiff's loss and to investigate on behalf of the defendant, the circumstances of the fire; and that said adjuster examined into the circumstances of said fire and examined the plaintiff as to the amount and

character of the property of plaintiff destroyed by fire, and that plaintiff, at the request of said adjuster, furnished said adjuster his accounts, account books and inventories of the property destroyed, so far as he was able, and gave him a full account of the property destroyed, and fully informed said adjuster, so far as he was able, of the kind and value of the goods destroyed, and of the cause and circumstances of such fire, and that said adjuster made an inventory and took an account thereof for the defendant, and gave plaintiff to understand that the only question raised by the company defendant, was as to the amount of loss or damage, the jury would be authorized from these facts to find that the defendant waived the furnishing by plaintiff of the former proof required by the terms and conditions of the policy of insurance read in evidence, and the furnishing of said proofs would thereby be dispensed with: provided the jury may believe from all the evidence that plaintiff was led to believe at that time that such formal proof would not be required.

"2. And if you further find from the evidence that after the written agreement of plaintiff and defendant to submit to certain appraisers named therein the amount of plaintiff's loss by said fire, the appraiser selected by the defendant, under the instructions of defendant's adjuster, or with his approval, declined to proceed to appraise and estimate and determine the amount of plaintiff's loss, you would be authorized to find that the ascertainment of plaintiff's loss by appraisers as provided by the terms and conditions of said policy, was waived by the defendant, and, if you so find, you should find the issues in favor of the plaintiff and assess his damages of the property covered by the policy, which was consumed by said fire, together with interest at six per cent., to be computed from a

period of time sixty days after the waiver by defendant of said appraisement."

And on defendant's behalf gave the following instructions:

"1.   The court instructs the jury that if the plaintiff and defendant agreed to an appraisement of the loss on the sixteenth day of October, 1890, and that said appraisers could not agree; and said appraisers then agreed upon a third man as umpire, and said third man agreed to act as umpire, and plaintiff then refused to go ahead with such appraisement, and did not before the bringing of the first suit on the policy sued on waive such appraisement, then the plaintiff can not maintain this action, and they will find for the defendant.

"2.   The court instructs the jury that by the terms of the policy sued on in this case, the plaintiff is required to make proof of loss and while no time is fixed in said policy for making such proof of loss, such proof of loss must have been made within a reasonable time; and the court declares that the proof of loss made February 29, 1892, was not made within a reasonable time and that the first proof of loss was not in compliance with the terms of the policy, and the jury will find the issue for the defendant, unless you believe from the evidence that the plaintiff was led to believe by the conduct of defendant's agent that it was the purpose of the company to waive such proof of loss, and the plaintiff was kept from making the proof of loss by some act of defendant's agent, and unless you so find from the evidence, you will find the issues for the defendant.

"3.   The court instructs the jury that it devolves upon the plaintiff to show by the greater weight or preponderance of testimony the amount of his loss by the fire, and that he made proofs of loss, or that the

defendant waived the making of such proofs of loss, and that the plaintiff was at all times ready to carry out the appraisement and that said appraisement was not carried out on October 16, 1890, on account of defendant's failure or refusal to proceed therewith; and, unless the plaintiff has so shown, the jury will find for the defendant."

"4. The court instructs the jury that the evidence in this case shows that the defendant [plaintiff] did attempt to make proofs of loss under the policy sued on, in August, 1890, and before they can find a waiver of proofs of loss by defendant, they must believe from the evidence that defendant expressly waived such proofs of loss, or by the acts of its agent, Knighton, did such acts as placed plaintiff in a position to believe that defendant did not require proofs of loss, and in such position that, relying on defendant's acts, plaintiff did not make or attempt to make any proofs of loss. And the fact of plaintiff attempting to make proofs of loss in August, 1890, may be considered by the jury in connection with the other evidence in the case as to whether defendant waived proof of loss or whether plaintiff was misled by acts of defendant's agents into believing that proofs of loss would not be required."

The propriety of the action of the court in giving plaintiff's instructions is not challenged by the defendant. The principles they announce find an unqualified recognition in the enunciation of those given for defendant, at its request. Taken in their entirety, they are not the subject of any just criticism. They relate in the main, to the issue of waiver and are in entire accord with the rulings which we have made in numerous cases.

But the defendant contends that the cause was improperly submitted to the jury, since there was no

evidence of performance of the condition, nor of a waiver thereof, sufficient to justify the submission. It is the province of the court, in any given case, to determine whether or not there is any evidence adduced tending to support the allegation of waiver, but the weight or sufficiency thereof is entirely a question for the jury. *Hoffman v. Insurance Co.*, 56 Mo. App. *loc. cit.* 310; *Summers v. Insurance Co.*, 45 Mo. App. *loc. cit.* 53; *Okey v. Insurance Co.*, 29 Mo. App. 111; *Gale v. Insurance Co.*, 33 Mo. App. 673; *Noonan v. Insurance Co.*, 21 Mo. 81.

It is not disputed that the facts indicated in the plaintiff's instructions, and presumably found by the jury from the evidence to exist, justified the verdict. But it is the defendant's insistence, that there is no evidence in the record to authorize the finding of the facts embraced in the hypotheses of the instructions, sufficient to warrant a submission of the case.

The fire occurred on July 13, 1890, and the local agent of defendant immediately thereafter gave its special agent, Knighton, notice of the same. The latter testified that he was the special agent of defendant for this state, and that his duties were to take care of the general interests of defendant, look after local agents, and to investigate and adjust losses. Shortly after the fire, on July 23, 1890, the defendant's special agent arrived at Carthage, where the fire occurred, and there sent plaintiff notice to meet him, which plaintiff accordingly did. The former demanded of the latter the production of all books, bills and invoices, or duplicates thereof, of his purchases for the preceding three months. These, plaintiff produced as far as he could. The plaintiff claimed that many of these were lost or destroyed and so could not be produced. The defendant's special agent examined the plaintiff's books, bills, etc.; also the goods that were recovered

from the fire, and, after occupying a day in the consideration of the matter, offered to allow plaintiff $585 in settlement of the loss. This offer plaintiff declined, claiming that his loss was much greater. The result of all this was that no agreement was reached. The defendant's special agent departed, leaving the matter unsettled.

Afterward, on August 12, 1890, the plaintiff mailed the defendant's agent proofs of loss. This, it seems, did not reach him until the following September 3, when the latter acknowledged the receipt of the same and specified certain objections to such proof. He also, in the same connection, requested plaintiff to meet him at Kansas City, at any date he might name, first giving eight days' notice of the date of such meeting, for the purpose of investigating plaintiff's loss.

No further steps were taken in the matter by either party until October 6, 1890, when defendant's special agent notified plaintiff by letter of that date, to the effect: "We have failed to agree on the amount of damages or loss on your stock of merchandise under policy number 678," and that defendant demands an appraisal, as provided in the policy, and to meet defendant's special agent at the time and place stated, with an appraiser ready to proceed, and to furnish the appraisers the original or duly certified copies of all bills of goods purchased, etc., all books of accounts of sales and dates, in his possession, to assist the appraisers in determining the amount of his loss. Accordingly, on October 16, 1890, the defendant's special agent and the plaintiff did meet, accompanied by their respective appraisers. An agreement for submission was signed. The appraisers met, and plaintiff laid before them his books, bills, etc. The appraisers, failing to agree, selected an umpire, but there was no meeting of these three. The testimony is quite con-

flicting as to why they did not proceed. That of the plaintiff tended to show that it was in consequence of the action of defendant, while that of defendant tended to show that it was on account of the action of plaintiff. Some ten days later on, the defendant notified the plaintiff by letter that it was ready to proceed with and complete the appraisal, and that the company did not abandon the same. No further steps were taken in the matter by either party, until March, 1891, when the plaintiff brought suit on the policy, which was subsequently dismissed by the court for failure by plaintiff to give security for cost.

On the fourth of February, 1892, the plaintiff gave defendant notice, in writing, of his desire and readiness to proceed with and complete the appraisal. And again plaintiff gave defendant a like notice on the sixteenth of February, 1892. On the twelfth day of March, 1892, the defendant notified plaintiff of the receipt of further proofs of loss and that it declined to consider the same, on account of plaintiff's failure to furnish the same within a reasonable time after the loss, as provided in the policy. The plaintiff shortly thereafter brought the present action.

Compliance with a condition in a policy requiring proofs of loss is a condition precedent to the right of recovery, unless a waiver be shown. *Leigh v. Insurance Co.*, 37 Mo. App. 547; *Hanna v. Insurance Co.*, 36 Mo. App. 538; *Maddox v. Insurance Co.*, 56 Mo. App. 343; *Noonan v. Insurance Co.*, 21 Mo. 81.

There must be something in the conduct of the insurer in the nature of an estoppel, to constitute a waiver of a condition in a policy. The insurer must have done something, or omitted to do something which has misled the assured and caused him to believe that would not be expected of him which is later on claimed he should have performed. *Grigsby v. Insurance Co.*,

40 Mo. App. 276; *Hanna v. Insurance Co.*, 36 Mo. App. 538; *Leigh v. Insurance Co.*, 37 Mo. App. 542; *Erwin v. Insurance Co.*, 24 Mo. App. 152.

It seems to us that, up to the time of bringing the first suit, the only issue between the parties was the value of the property destroyed. On September 30, 1890, when defendant received the proofs of loss mailed to it on August 12 preceding, it notified plaintiff of certain defects in such proofs. It does not appear that the defect was cured by amended proofs of loss. Without reference to the plaintiff's failure in this regard, the defendant on the sixth of October following, demanded the appointment of appraisers and an appraisement. And later, on the twenty-fifth of October, the defendant demanded that the appraisement be completed.

If no satisfactory proofs of loss had then been previously furnished, it is clear that a reasonable time —more than ninety days—in which to make the same, had elapsed, and so there was no liability. If no liability, why appraise? If the defendant considered that plaintiff had not made satisfactory proofs of loss, so as to render it liable, why go into the question of the value of the property destroyed? Why demand that the plaintiff proceed, at that late day, with the appraisal, if the proofs of loss were insufficient, or if there was no waiver thereof? The conduct of the defendant was wholly inconsistent with the theory that there had not been either proofs of loss satisfactorily and timely made, or a waiver of the same at the time the demand was made to proceed with the appraisal. It is plain, from all the facts shown by the evidence, that the defendant was then proceeding upon the idea that the only issue to be determined was as to the value of the property. The mere demand for an appraisal alone would not prove a waiver of the condition in question;

but, coupled with the other circumstances shown by the evidence, it had some tendency, though perhaps slight, in that direction.

It is not pretended, as we understand it, that the first proofs of loss sent to defendant, though defective, were out of time. The jury may have concluded from the defendant's conduct in demanding an appraisement so long after a reasonable time in which to amend the proofs of loss had passed, that the defendant did not insist on such amendment, but had waived its objection thereto. We can not say, as a matter of law, that there is no evidence tending to prove a waiver. The weight and sufficiency of such testimony is, as we have seen, a question for the jury and not for the court. We can not, therefore, hold that it was error in the trial court to refuse, as it did, to declare, by the instruction asked by defendant, that, under the evidence, plaintiff was not entitled to recover. A waiver of a condition of this kind is equivalent to an elimination of it from the policy; after such waiver, the policy must be regarded as if it had never contained the condition. If once waived, it is gone forever and can not be revived without the consent of the insured. *Okey v. Insurance Co.*, 29 Mo. App. 105.

Since there was sufficient evidence to carry the case to the jury, it seems to us that the instructions fully informed the jury as to every issue they were called upon to determine. In the briefs of counsel, our attention has not been specially called to any error in the admission or rejection of evidence, or in the giving or refusal of instructions.

The case was fairly submitted to the jury, under proper instructions, and their verdict is conclusive on us. The judgment will be affirmed. All concur.