JOSEPH W. LITTLE, ADMINISTRATOR OF D. T. McCULLOCH, v.
H. W. CALDWELL.

(Filed 13 March, 1912.)

1. Insurance — Fraternal Order — "Legal Dependents"—Interpretation.

    Brothers and sisters of the deceased, who died a bachelor, without having children, are not his legal "dependents," nothing else appearing, so as to make them the beneficiaries under his membership certificate of a fraternal order, providing that any benefits thereunder accrue to his "legal dependents."

2. Insurance — Fraternal Orders — "Legal Dependents"—Executors and Administrators—Creditors.

> When there are no "legal dependents" of the deceased, within the terms of his certificate of membership in a fraternal insurance order, the administrator is entitled to the proceeds of the policy for distribution among creditors of the deceased.

APPEAL from *Cline, J.*, at July Term, 1911, of NEW HAN-OVER.

Civil action. From the judgment rendered the plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Rountree & Carr for plaintiff.*
*No counsel for defendant.*

BROWN, J. The only assignment of error relates to the correctness of the following ruling of the judge:

"Second. That the funds received from the Junior Order United American Mechanics are hereby declared to be assets in the hands of the administrator for the payment of debts of D. T. McCulloch, and the court finds as a fact on the admission of all parties that the deceased was a bachelor and died without leaving children, or any relative living with him, but did have brothers, sisters, and nephews and nieces, whom the court holds not 'legal dependents' under the terms of the certificate offered in evidence."

It appears that the membership certificate in the Junior Order of United American Mechanics provides that any benefit accruing thereunder shall be payable to the legal dependents of the deceased. The benefit for $500 was paid over to the administrator by the Junior Order of United American Mechanics, with the understanding that it was to be distributed as provided by law, and the administrator desires to disburse it among creditors, or among the brothers and sisters and nephews and nieces of the deceased, as the court may hold is proper.

Upon the findings of fact, we agree with the court below that the deceased died leaving no "legal dependents" within the meaning of the certificate of membership.

His brothers and sisters did not live with him, and for aught that appears were in no legal sense dependent upon him, any more than he was dependent upon them.

While the meaning of the term "legal dependent" has not been defined in any case before this Court, we have abundant authority from other courts, as well as text-writers, in support of our decision.

Webster's Dictionary defines the word "dependent" primarily to mean "one who depends; one who is sustained by another, or who relies on another for support or favor."

In *Keener v. Grand Lodge,* 36 Mo. App., 543, the "legal dependents" of a person were restricted to those whom he was legally bound to support.

Upon this theory a mistress is held not to be a legal dependent, and the same as to servants and retainers. *Keener v. Grand Lodge, supra; West v. Lodge,* 14 Tex. Civ. App., 471.

In a Wisconsin case the Supreme Court defined the word "dependent" as follows: "We think the true meaning of the word 'dependent' in this connection means some person, or persons, dependent for support in some way upon the deceased." *Ballou v. Giles,* 50 Wis., 614.

Mr. Bacon, in his work on Benefit Societies, after reviewing the cases, says: "We are forced to the conclusion that they limit the term 'dependents' to those who reasonably rely upon another for subsistence, nourishment, and support."

In Massachusetts it is held a mother not living with her son, and not relying on him for support, is not a legal dependent (*McCarthy v. New England Order,* 153 Mass., 314), and the same ruling as to a brother is made in *Supreme Council v. Smith,* 45 N. J. E., 466.

In *Supreme Council v. Perry,* 140 Mass., 580, it is held that a sister (nothing else appearing) is not a legal dependent.

In 3 Eng. and Am. Ency., 969, it is said: "In passing upon the designation of 'dependents,' the courts have generally construed it strictly, and held it to mean those relying upon the insured for support."

In 2 Words and Phrases, 1991-1992, many cases are cited, and quoted from at length, sustaining this definition of the term.

As there are no "legal dependents," it follows that the administrator is entitled to the fund to be applied to the debts of the deceased, if any, and otherwise distributed in due course of administration.

Affirmed.